JOHN PURDON v. JACOB SELIGMAN.

*Sale—Fraudulent concealment—Statute of limitations.*

How. Stat. § 8724, which allows suit within two years after the discovery of a cause of action which has been "fraudulently concealed" from the knowledge of the party suing, was not meant to help parties who take no pains to see what is before their eyes.

So *held*, where a party purchased township bonds showing no authority upon their face for their issue, and the character of which would have been disclosed by examination in the township, which was not made, although the purchaser knew when the first default in the payment of interest arose that the bonds were not as represented, and received strong hints from the county treasurer that should have set him on inquiry, which he neglected to make, and, after waiting over eight years, brought suit to recover the purchase price as money paid without consideration, and sought to avoid the plea of the statute of limitations under the exception to the statute above referred to.

Error to Saginaw. (Gage, J.) Argued November 8 and 12, 1889. Decided November 15, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William A. Clark* (*F. L. Eaton,* of counsel), for appellant, contended:

1. The evidence tended to establish the fraudulent concealment by the defendant from the plaintiff of his guilty complicity in, and fraudulent personal connection with, the illegal issue and consideration of the Billings bonds, and their invalidity and worthlessness; and also that plaintiff failed to discover such facts until within the statutory two years before suit was brought, and it was error to withdraw these questions from the jury; citing *Swimm v. Bush,* 23 Mich. 99; *Persons v. Jones,* 58 Am. Dec. 476 (12 Ga. 371).

2. " 'Tis fraudulent concealment to deceive by trick or artifice," and it is always for the jury to find as to fraud; citing *Kirby Ingersoll*, Har. Ch. 191; *Gaines v. Betts*, 2 Doug. 98; *Picard v. McCormick*, 11 Mich. 75; *Cunningham v. Freeborn*, 11 Wend. 24; and it is for the jury to decide whether the evidence tends to establish a fact; citing *Perrott v. Shearer*, 17 Mich. 54; *Conely v. McDonald*, 40 Id. 150–160; and it was error for the court to decide that by diligent inquiry plaintiff might soon have discovered the defendant's fraud, it being the province of the jury to find when as a *fact* did plaintiff make such discovery; citing How. Stat. § 8724; *Tompkins v. Hollister*, 60 Mich. 479, 480; *Levy v. Shreveport*, 28 Fed. Rep. 210; Angell, Lim. 183–191.

3. The statute was not a bar apparent of the evidence. Plaintiff agreed to take $2,000 for his mortgage, in the four $500 bonds due December 1, 1887, thereby impliedly giving credit until that date to the defendant and the obligor, to pay this purchase price of the mortgage as fixed by their contract, and neither could be sued until then. A credit is implied by taking paper payable on time; citing Angell, Lim. § 95 (notes) §§ 111, 112, 117; *Willson v. Foree*, 6 Johns. 110; *Yale v. Coddington*, 21 Wend. 176; *Ferry v. Ferry*, 2 Cush. 92; *Bank v. Doe*, 19 Vt. 463; *Galloway v. Holmes*, 1 Doug. 330; Whart. Cont. §§ 549, 956, 960.

*W. S. Tennant (Wisner & Draper*, of counsel), for defendant, contended:

1. No one can be allowed to allege a concealment of a cause of action appearing in public records; citing *Robert v. Morrin*, 27 Mich. 307; and plaintiff's mere ignorance that he had a cause of action does not prevent the running of the statute, which is one of repose; citing *Toll v. Wright*, 37 Mich. 103; *O'Dell v. Rogers*, 67 Wis. 173.

CAMPBELL, J.   Plaintiff sued defendant for money had and received, the cause of action being the sale to plaintiff of worthless township bonds of Billings, Gladwin county.   These were sold to plaintiff in January, 1879. The suit was brought August 1, 1888, nine years and a half thereafter.   The defense was the statute of limitations, and this was sought to be avoided on the exception of section 8724, How. Stat., which allows suit within two years after the discovery of a cause of action which

has been "fraudulently concealed" from the knowledge of the party suing. The alleged fraud consisted in representing that the bonds were good,—as good as the Gladwin county bonds,—and that the town had paid the first coupons, which showed they were good; that plaintiff would only have to present the coupons at the bank in Detroit, when payable, and they would be paid; that, being the first issued, they would be first paid.

The coupons due in January, 1880, were not paid. Plaintiff, January 5, 1880, wrote to the county treasurer of Gladwin, and received back a letter indicating that the paper was poor paper, and that the only way to collect the coupons was to send them to somebody in Saginaw at once, for they were collecting taxes; that there was a good deal of Billings orders, bonds, and coupons. out, and the township would bear watching. In May, 1880, he was told no provision had been made for them,. but perhaps if he had them around in time he might get. part of them the next winter. The case shows no further effort or inquiry until 1887, when casually plaintiff heard defendant had some hand in their concoction.

These bonds show no authority on their face for their issue, and apparently there was no legal authority in fact. Examination in the township would have disclosed their character, but none was made.

There is nothing in the case indicating any attempt by defendant to prevent or postpone inquiry. It was as: easy to find out the validity or invalidity of the bonds when the first default arose as at any time thereafter. Plaintiff knew then that they were not as represented, and he received strong hints from the treasurer of Gladwin, who in no way represented the township, that should have set him on inquiry. He entirely neglected to search where the only information was to be found, and defendant. threw no obstacle in the way of his doing so.

How this inaction could, under such circumstances, amount to a concealment of anything it is hard to see. Plaintiff did not, so far as appears, even complain to defendant, or ask information. Had he done so, and.had defendant then tried to put him off his guard, the case might possibly have been different. But the statute was not meant to help parties who take no pains to see what is before their eyes.

The judgment for defendant should be affirmed, with costs.

The other Justices concurred.