679 P.2d 1293 (1983)
Greathel REDWINE, surviving spouse of Earl Forrest Redwine, Deceased, Appellant,
v.
BAPTIST MEDICAL CENTER OF OKLAHOMA, INC., an Oklahoma corporation; Cardiovascular Clinic, Inc., an Oklahoma corporation; Baptist General Convention of the State of Oklahoma, an Oklahoma corporation; and Greer, Carey, Zuhdi, Hawley, and Hartsuck, Inc., an Oklahoma corporation, Appellees.
No. 53388.
Supreme Court of Oklahoma.
May 10, 1983.
Rehearings Denied May 8, 1984.
John W. Norman Inc. by Ronald W. Horgan, Oklahoma City, for appellant.
James D. Foliart, Glen D. Huff, John M. Perry III, Foliart, Mills & Niemeyer, Oklahoma City, for appellees, Baptist Medical Center of Oklahoma, Inc. and Baptist General Convention of the State of Okl.
Robert C. Margo, Oklahoma City, for appellees, Cardiovascular Clinic, Inc., Greer, Carey, Zuhdi, Hawley, and Hartsuck, Inc.
LAVENDER, Justice.
Plaintiff below, as surviving spouse of Earl Forrest Redwine, brought suit in the district court against Baptist Medical Center of Oklahoma, Inc., and Cardiovascular *1294 Clinic, Inc., alleging decedent expired while undergoing an open-heart surgery on March 9, 1976, at Baptist Medical Center of Oklahoma, Inc., when air appeared in the aortic line and entered the aorta, causing decedent's death. Plaintiff alleged that defects in equipment sold and utilized by both defendants and the negligence of the agents of both defendants were the proximate cause of the death. The suit was filed on March 8, 1978.
On May 22, 1978, plaintiff filed an amended petition in which plaintiff alleged that decedent was a patient at defendant Baptist Medical Center of Oklahoma, Inc., and the Baptist General Convention of the State of Oklahoma, an Oklahoma corporation, and that decedent was under the care of these corporations and Cardiovascular Clinic, Inc. and Greer, Carey, Zuhdi, Hawley, and Hartsuck, Inc., an Oklahoma corporation. Plaintiff further alleged that upon inquiry as to the cause of decedent's death, the agents of defendants falsely advised that the surgery had been completed and further advised that the death was simply "one of those things." Upon making inquiry of the Chief Medical Examiner of the State of Oklahoma, she received a letter from the Examiner dated February 16, 1978, setting forth the true cause of the death, the letter being her first knowledge of the circumstances of her husband's death.
On February 6, 1979, the trial court sustained the Motion for Summary Judgment of the defendant, Cardiovascular Clinic, Inc. for the reason that pertinent exhibits show that said defendant did not participate in the surgery; sustained the Special Demurrer of defendant Greer, Carey, Zuhdi, Hawley and Hartsuck, Inc. for the reason that plaintiff's action was not timely filed.
On February 6, 1979, the trial court also sustained the Motion for Summary Judgment of defendant Baptist Medical Center of Oklahoma, Inc., on the ground that the pleadings, affidavits, exhibits and briefs on file show that Baptist Medical Center of Oklahoma, Inc. was not in existence at the time of the operation and that none of its agents participated in the actions complained of. The trial court further sustained the demurrer of defendant Baptist General Convention of the State of Oklahoma on the ground that the action against it was not timely filed.

I.
Plaintiff appeals on various grounds which will be considered in turn.
Plaintiff's cause of action accrued on the date of the death of her husband.[1] The applicable statute of limitations at that time was 12 O.S. 1981, § 1053.[2] After the action had accrued, but before the statute of limitations had run, the Legislature enacted 76 O.S. 1981, § 18,[3] effective April 8, 1976, thirty days after the death.
In Magnolia Petroleum Co. v. Watkins,[4] we said (625):
"The principle is well established in this jurisdiction, that a statute of limitations, in so far as it affects rights of action in existence, when the statute is passed, be held, in the absence of a contrary *1295 provision, to begin when the cause of action was first subjected to its operation."
Therefore, the intercession of 76 O.S. 1981, § 18 gave plaintiff two years from April 8, 1976, or two years from the date plaintiff knew or should have known, through the exercise of reasonable diligence of the existence of the death, injury or condition complained of in which to bring her action.
Plaintiff alleged in her amended petition that she first became aware of the equipment malfunction shortly after February 16, 1978, when she obtained information from the Chief Medical Examiner of the State of Oklahoma after being told that her husband's death was simply "one of those things." Greer, Carey, Zuhdi, Hawley and Hartsuck, Inc. was made a party to the suit on May 30, 1978, and entered its appearance in the case, a time well within two years from February 16, 1978. Whether plaintiff exercised "reasonable diligence" in ascertaining the cause of her husband's death is a question of fact to be determined by the jury, and this is so whether we regard Greer, Carey, Zuhdi, Hawley and Hartsuck, Inc.'s pleading described as a "special demurrer" as a demurrer, or as a motion for summary judgment as we did in Green v. Huff.[5]

II.
In Flowers v. Stanley,[6] we held that where the period of limitations starts when the claimant knew, or, in the exercise of reasonable diligence would have discovered the act which gives rise to the claim, the beginning of the running of the statute of limitations is usually to be determined from the facts and circumstances of the particular case; and, where these are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of the facts.[7] In so determining, we need not address the question of whether Dr. Hartsuck's statement to plaintiff that her husband's death was simply "one of those things" constitutes a fraudulent representation which tolls the statute of limitations. Whether or not the statement constituted fraudulent concealment, it was at least a circumstance which tends to explain her failure to make an earlier determination of the cause of death, and its weight is for the jury to determine.
The rule on review of a trial court's ruling on a motion for summary judgment is as expressed in Weaver v. Pryor Jeffersonian:[8]
"[A]ll inferences and conclusions to be drawn from the underlying facts contained in such materials as affidavits, admissions, depositions, pleadings, exhibits and the like, must be viewed in light most favorable to the party opposing the motion."
We therefore hold that the trial court committed error in sustaining the special demurrer of Greer, Carey, Zuhdi, Hawley and Hartsuck, Inc.
What we have heretofore said applies equally to the demurrer of defendant Baptist General Convention of the State of Oklahoma on the issue of the running of the statute of limitations, and we likewise hold that the trial court erred in sustaining its demurrer to plaintiff's petition. Baptist General Convention of the State of Oklahoma was named as a defendant in plaintiff's second amended petition. Summons was served upon it on May 23, 1978.

III.
We next consider when, under the provisions of 76 O.S. 1981, § 18 the limitations therein set forth begins to run. Reduced to its essence for the purpose of resolving this issue, § 18 provides:

*1296 "An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew, or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; ... ."
Section 18 does not purport to create a new cause of action. It operates as a limitation upon existing rights of action. There is not, nor can there be a cause of action for death, injury, or condition unless the death, injury or condition is wrongful. Thus, the element of wrongfulness by necessary implication is an integral and inseparable part of the "action" referred to. Likewise, it is the wrongful "death, injury or condition complained of," the existence of which the plaintiff "knew, or should have known, through the exercise of reasonable diligence" which triggers the running of the limitations in § 18. Therefore, the statute begins to run from the date when the plaintiff knew, or should have known, through the exercise of reasonable diligence of the wrongful death, injury or condition complained of.
In the case at bar, the action was for wrongful death, an action unknown to common law, an action wholly statutory in origin.[9]
In Oklahoma, the statute which creates an action for wrongful death is 12 O.S. 1981, § 1053, the forepart of which states:
"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, ... ." (Emphasis supplied.)
It is a true statute of limitations, i.e., it is procedural and not a rule of substantive law which imposes a two year limitation as a condition to the exercise of a right.[10] It is in pari materia with 76 O.S. 1981, § 18, and both must be construed together. Brookshire v. Burkhart, supra. We therefore conclude that it is the wrongful death that is referred to in § 18.

IV.
Our view as to whether the statute of limitations bars the plaintiff's action renders unnecessary any discussion or decision of other alleged errors.
Judgment of the trial court sustaining the special demurrer of Greer, Carey, Zuhdi, Hawley and Hartsuck, Inc., and in sustaining the demurrer of Baptist General Convention of the State of Oklahoma are hereby reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.
BARNES, C.J., and IRWIN, HODGES and DOOLIN, JJ., concur.
SIMMS, V.C.J., and OPALA and ALMA WILSON, JJ., concur in part and dissent in part.
HARGRAVE, J., did not participate.
NOTES
[1] Hugh Breeding, Inc. v. Daniel, Okl., 373 P.2d 75, 97 A.L.R.2d 1147 (1962); Kimberly v. DeWitt, Okl.App., 606 P.2d 612 (1980).
[2] 12 O.S. 1981, § 1053 A provides: "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years." (Emphasis added.)
[3] 76 O.S. 1981, § 18, in pertinent part, provides: "An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; ... ."
[4] 177 Okl. 30, 57 P.2d 622 (1936).
[5] Okl., 636 P.2d 907 (1981). See McCarroll v. Doctors General Hospital, Okl., adopted this date, 664 P.2d 382 (1983).
[6] Okl., 316 P.2d 840 (1957).
[7] Accord, H.F. Wilcox Oil & Gas Co. v. Juedeman, 187 Okl. 382, 101 P.2d 1050 (1940); Harper-Turner Oil Co. v. Bridge, Okl., 311 P.2d 947 (1957); Perkins v. U.S., (D.C.Okl. 1976), 76 F.R.D. 590.
[8] Okl., 569 P.2d 967 (1977).
[9] 22 Am.Jur.2d Death, § 1, 2.
[10] Brookshire v. Burkhart, 141 Okl. 1, 283 P. 571, 67 A.L.R. 1059 (1930).