Byron A. DAUGHERTY and Ruby
Daugherty, Appellants,

v.

FARMERS COOPERATIVE ASSOCIA-
TION, a corporation, and Stauffer
Chemical Company, a corporation, Ap-
pellees.

No. 58371.

Supreme Court of Oklahoma.

Oct. 16, 1984.

2. Id.

Ed Abel and Glen Mullins, Abel, Musser, Sokolosky & Clark, Oklahoma City, for appellants.

Huckaby, Fleming, Frailey & Chaffin by Michael L. Darrah, Oklahoma City, for appellee, Stauffer Chemical Co.

C. Scott Beuch, Lee, Beuch & Coulson, Oklahoma City, for appellee, Farmers Co-op. Ass'n.

HARGRAVE, Justice.

This action was instituted in the District Court of Oklahoma County to recover damages sustained as a result of exposure to toxic pesticides manufactured and sold by Stauffer Chemical Company and purchased by plaintiff Byron A. Daugherty from Farmers Cooperative Association. The pesticide was known as Cythion E-5 and it appears from the record plaintiff applied the substance between July 22 and August 1 of 1975. Later that August, the plaintiff began suffering numerous ailments, including numbness, weakness, paralysis, pain and burning sensations of the chest and extremities. The first physician plaintiff contacted diagnosed the problem as pesticide toxicity in August of 1975. Subsequently, the plaintiff was seen at Baptist Medical Center. The record indicates a Baptist Medical Center tentative diagnosis of malathion insecticide poisoning was entered on October 13, 1975. The final diagnosis from Clinton Regional Hospital dated September 17, 1975, was pesticide toxicity.

The petition in this action was filed May 24, 1978, and alleges the causal connection between the injuries and the product "was not discoverable before January 1, 1977." The defendant Stauffer Chemical Company answered and filed a motion for summary judgment; both instruments raise the question of the statute of limitations. The de-

fendant's motion for summary judgment was granted and this appeal followed.

Appellants urge three propositions of error for review here. First, their claim for personal injury against the defendants did not accrue until they knew, or a reasonably prudent person should have known, that plaintiff had a condition on which an action could have been brought against defendants. Second, summary judgment was improper because there were material factual issues precluding summary judgment as to whether plaintiff knew or should have known of his cause of action. Third, even if the claim accrued in 1975, as defendants contend, the breach of implied warranty is not time-barred.

The inquiry into the bar of the statute of limitations in this action begins with the language of 12 O.S. 1981 § 95(3), which reads in part:

"Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued, and not afterwards:

.    .    .    .    .

Third. Within two years: ... an action for injury to the rights of another, not arising on contract, ...

This action is before the court as an appeal from defendant's successfully prosecuted motion for summary judgment. Such motions should be granted only where it appears there is no substantial controversy as to any material fact and that a party is entitled to judgment as a matter of law. *Heavner v. Farmers Ins. Co.* 663 P.2d 730 (Okl.1983). Where, as here, the defendant moves for summary judgment on the basis of an affirmative defense he must show that there is no substantial controversy as to facts that are material to the affirmative defense, and that the facts and inferences that may be reasonably drawn from them are in his favor. *Martin v. Chapel, Wilkinson, Riggs & Abney,* 637 P.2d 81 (Okl. 1981). Furthermore, a ruling upon such a motion is to be made upon the record which the parties have actually made and not on that which is potentially possible. Thus a

mere contention that such facts exist is not sufficient to withstand a motion for summary judgment. *Culpepper v. Lloyd,* 583 P.2d 500 (Okl.1978), *Loper v. Austin,* 596 P.2d 544 (Okl.1979).

Under these standards, the record before the Court is to be examined to determine the propriety of the motion for summary judgment granted the defendants in this cause. In answering defendants' interrogatories, the plaintiff stated he experienced certain injuries, i.e., pain, numbness, weakness, burning sensations in the upper and lower extremities, burning sensations in the chest, paralysis, speech problems and blindness, all gradually occurring from August, 1975 to date. Further, Ross Deputy, M.D., first diagnosed these symptoms as poisoning in the same month and year. On September 12, 1975, the significance of plaintiff's skin contact with pesticide and inhalation thereof two weeks before the onset of the symptoms was noted in his medical records at the Clinton Regional Hospital. In October of 1975, a tentative diagnosis was made at Baptist Medical Center reflecting malathion insecticide poisoning. The record thus demonstrates symptoms had become manifest and a medical connection had been made between those symptoms and the insecticide within three months of exposure. These diagnoses were not positive, and the record reflects uncertainty in that the physicians' records made a part of the record on appeal reflect tentative diagnoses. One such entry in the medical records states the fact the patient did not improve with time contra-indicated to him the diagnoses of pesticide poisoning.

The record contains no briefs or affidavits as to what findings were made by other physicians, although appellants' brief indicates several other physician contacts were made. The discharge summary from Baptist Memorial reflects that Ruby Daugherty indicated to a speech therapist that one diagnosis of multiple sclerosis was made. The diagnosis of pesticide toxicity was indicated on each exhibit attached to the defendants' motion for summary judg-

ment and on the exhibit attached to plaintiff's brief in opposition to that motion. As previously noted, rulings on motions for summary judgment must be made on the actual record presented and not on the record which could have been made.

Plaintiff seeks a ruling from this Court that in products liability actions, the discovery rule should be applied in determining whether the statute of limitations had run. We have applied the discovery rule in this jurisdiction in cases of medical malpractice. See 76 O.S. 1981 § 18.9. *McCarroll v. Doctors General Hospital*, 664 P.2d 382, (Okl.1983). Additionally, the rule has been applied to cases of cumulative injury in workers' compensation cases. *Eaton v. Van Noy Drilling*, 637 P.2d 1249 (Okl. 1981). To this date, this analysis has not been utilized in products liability actions. Tenth Circuit has stated this jurisdiction would probably adopt the discovery rule in products liability actions. *Williams v. Borden, Inc.*, 637 F.2d 731 (1980), wherein the following statement is found:

"We are persuaded that a similar rule on accrual would be applied by the Oklahoma Courts in a case like this, namely, that the statute does not begin to run until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that the defendant caused it."

This appeal arises from a motion for summary judgment granted to the defendant. The record before this Court will not pass the challenge of the defendant's motion under the discovery rule.

██ The Tenth Circuit Court of Appeals correctly predicted this Court's approval of the discovery rule in those cases applying the statute of limitations to products liability actions in *Borden*, supra. The facts of that cause and the one before the Bar are, however, distinguishable. The difference noted below requires further consideration. In *Borden*, the injury potential from inhaled PVC fumes from meat wrapping produced by cutting the plastic film with a hot wire was unknown at the time of injury.

That is to say, extant literature and knowledge in the medical, toxilogic and chemical fields did not exist sufficient for the plaintiff or anyone else to realize from where the symptoms of injury arose. In *Borden*, the court held the plaintiff had two years from discovery to bring his action. In that set of circumstances, starting the limitation period from the time the plaintiff knew he had the condition and that the defendant caused it is an appropriate test. *Borden's* plaintiff had no way of attributing his symptoms to an injury which defendant's product caused.

The action before the bar at present differs materially. The toxicity potential of pesticides at the present time is common knowledge, while in *Borden* the potential for toxicity resultant from the exposure to meat wrapping operations was simply unknown by experts and laymen alike.

In this case, the plaintiff's petition alleges the "causal connection between the aforementioned product of defendants and plaintiff's injuries was not discoverable before January 1, 1977." Had the facts appeared as pled, the discovery rule mentioned would have prohibited the running of the statute. The facts shown on the exhibits were otherwise, however. The toxicity potential was known and connected to plaintiff's maladies soon after exposure and was noted as a possible cause in all three exhibits. Thus the connection between the product and the injury was discoverable, and that fact is unrefuted in the record available on the motion for summary judgment.

██ The discovery rule, as applicable to products liability in this jurisdiction, must not be interpreted as broadly as could be inferred from *Borden*. The facts of *Borden* must be considered in understanding the impact of the rule stated in that case, as quoted previously. In that action a reasonably prudent person could not have discovered the cause of the condition there encountered because the cause was at the time beyond the pale of human knowledge. Properly limited, a discovery rule should encompass the precept that ac-

quisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations. *Young v. International Paper Co.,* 155 So. 231, 179 La. 803 (1934). This rule obtains because a reasonably prudent person is required to pursue his claim with diligence. Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts. A plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of reasonable diligence. *Schram v. Burt,* 111 F.2d 557 (CCA Mich.1940). *Barry v. Detroit Terminal,* 11 N.W.2d 867, 307 Mich. 226 (1943); *Purdon v. Seligman,* 43 N.W. 1045, 78 Mich. 132 (1889). The situation is analagous to that where fraudulent concealment is set up as a bar to the running of the statute. In such a situation, this Court has stated: "For the purposes of the statute of limitations, if the means of knowledge exist and the circumstances are such as to put a reasonable man upon inquiry, it will be held that there was knowledge of what could have been readily ascertained by such inquiry and the limitation on the general rule often expressed in the statute is that plaintiff cannot successfully ... [set up a bar to the running of the statute] if his failure to discover it is attributable to his own negligence." *Kansas City Life Ins. v. Nipper,* 174 Okl. 634, 51 P.2d 741 (1935).

Under the facts of this case on motion for summary judgment it is undisputed that the means of knowledge existed, and as it appears from the record, the circumstances were such as to put a reasonable man upon inquiry. Then plaintiff is chargeable with the knowledge such inquiry would have produced, and the discovery rule does not, under this record, bar the running of the statute of limitations.

The plaintiffs claim that their cause is maintainable as a breach of warranty claim, which carries a five-year statute of limitations under 12A O.S.1981 § 2–725. The defendants refute this argument, stating that: 1. The warranty claim was not properly pled. 2. Warranty theories have been merged into products liability under *Kirkland v. General Motors,* 521 P.2d 1353 (Okla.1974).

In response to the pleading objection, plaintiff correctly notes failure to separately number and state the warranty claim must be deemed waived at this point in the proceeding under the provisions of 12 O.S. § 268A, providing that objections not raised when the defendant demurs or interposes a motion are deemed waived, save jurisdiction of the court and failure to state facts sufficient to constitute a cause of action. Under 12 O.S. § 267 (Fifth), the objection made here should properly be raised by demurrer.

The second objection of defendants to maintenance of this action under the five-year breach of warranty claim, that *Kirkland, supra,* has merged warranty theories into the surviving category of manufacturers' products liability, is expressly refuted in *United General Insurance Co. v. Crane Carrier Co.,* 55 O.B.J. 1400, (1984); see also *Barker v. Allied Supermarket,* 596 P.2d 870 (Okla.1979). The Uniform Commercial Code still presents an independent basis for a warranty claim.

Contrary to defendants' appellate position, the breach of warranty limitations period was raised in the lower court and that issue was preserved for appeal by inclusion in the petition in error. Thus, the plaintiff retains a viable cause of action under the Uniform Commercial Code for breach of warranty by virtue of the five-year statute of limitations.

Accordingly, the summary judgment for defendants upon the manufacturers' products liability claim is affirmed, and the defendants' summary judgment is reversed insofar as it applies to the breach of warranty claim under the Uniform Commercial Code.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED FOR FURTHER PROCEEDINGS.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, DOOLIN and OPALA, JJ., concur.

ALMA WILSON and KAUGER, JJ., concur in part and dissent in part.

HODGES, J., dissents.