Michael QUERI, Appellant,

v.

**MIDWEST CITY MEMORIAL HOSPITAL, and John P. Clemons, M.D., Appellees.**

No. 77672.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 6, 1992.

---

Richard J. Henke, Jr., Oklahoma City, for appellant.

George W. Paull, Jr., Joseph K. Goerke, Oklahoma City, for appellee, John P. Clemons.

Robin A. Wiens, Oklahoma City, for appellee, Midwest City Hosp.

## MEMORANDUM OPINION

JONES, Judge:

The sole error to be reviewed in this appeal is the question of the propriety of the trial court's ruling granting summary judgment to the Defendant–Appellees in this medical malpractice action filed in the District Court of Oklahoma County. The motion was granted on the basis that the statute of limitations had run on the cause of action plead in the Plaintiff's petition.

Appellees asked that this appeal be dismissed in their Response to the Petition in Error for failure to file a Petition in Error in the form prescribed by Rule 1.16 of the Rules of Appellate Procedure in Civil Cases within thirty days of judgment. The Petition in Error was filed within thirty days. The dismissal request is based upon the form of the document alone. The dismissal motion was deferred by the Supreme Court until the cause was decided on the merits.

Appellees did not brief the point during the briefing cycle, and as the Petition in Error is not fatally defective, the objection going to the form of the document is deemed waived at this time.

Appellee, Dr. Clemmons, surgically treated Appellant, Michael Queri, on the premises of the Midwest City Hospital on May 19, 1985, for a laceration to the right forearm and hand. This injury was caused by broken glass from a picture frame. Later, that forearm and right wrist began to demonstrate pain and numbness, and Appellant sought medical treatment in New York on November 25, 1987. On that date he was examined by Dr. Bersani and Dr. Scrivani. Dr. Scrivani's radiologist report concluded "there is a radiopaque foreign body glass on the ulnar side of the right proximal forearm". On December 2, 1987, Appellant saw Dr. Short, Bersani's partner, and was informed the foreign body in his arm was presumably glass. After this visit, Appellant moved back to Oklahoma with his father where he went to Dr. Rayan. Dr. Rayan saw Appellant on December 24, 1987. The patient history portion of the medical record of this visit reveals that Dr. Short had previously informed Mr. Queri of the glass revealed by x-ray. More importantly, this report also stated that Appellant "would like to have the piece of glass removed". The nerve injury *caused by the glass was discussed at that time* and it was decided repair of the nerve would only be undertaken if it was determined to be feasible during the removal procedure. The glass was removed and the ulnar nerve damage was determined to be not repairable on January 11, 1988.

The petition was filed on January 10, 1990, alleging Appellees failed to properly treat Appellant when the laceration was repaired on May 19, 1985. That petition alleged the fact that a piece of glass was left in Appellant's forearm and was discovered on or about January 11, 1988; and, the negligent treatment given him was the failure to remove all the glass in 1985.

The Appellee–Defendants filed a Motion For Summary Judgement which contends the statute of limitations bars the prosecution of this action by reason of the fact that the Plaintiff–Appellant knew or should have known of the injury which is the subject of this action. Title 76 O.S. 1991 § 18, states in part:

An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based on tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; ...

The correct reading of *Reynolds v. Porter*, 760 P.2d 816 (Okl.1988), at pp. 820, 821, demonstrates the term injury is here used to denote damage or harm occurring as a result of a negligent act.

The parties' positions on the issue on the propriety of summary judgment in the trial court and on appeal correspond. Appellees contend the facts previously outlined demonstrate Appellant knew, or at least should have known, that treatment he received during the 1985 operation was the cause of the later problems with his forearm and hand more than two years before this action was filed. Appellant takes the position that until the second operation he did not know the problem was traceable to the first surgery. He counters the Motion For Summary Judgment with an Affidavit which asserts that even as late as December 24, 1987, Dr. Rayan did nothing more than confirm the presence of *some* foreign body in the right forearm. This doctor concurred with the previous doctors' findings that because of the medical history he related, the two most likely possibilities were either a bone chip or a sliver of glass.

Appellant's argument, when summarized, posits that his treating physicians guessed, or made assumptions concerning the foreign body, based upon their patient's medical history. It is contended the aforementioned statute of limitations cannot be applied to this case unless the statute is construed to mean something amounting to "guessed or should have guessed, assumed or should have assumed". Appellant states the language in the statute "knew or should have known" cannot be applied to this factual scenario.

Appellant correctly notes that a motion for judgment where the facts are not controverted, and made under Rule 13, is not properly granted where there are controverted facts which require resolution by the trier of fact, and if there is a substantial controversy as to one material fact, the motion should be denied. Here the one material fact in controversy is alleged to be when the patient became aware, or reasonably should have become aware, that the injury or condition was attributable to the failure to remove all the glass in the first surgery. For purposes of this appeal it is assumed that the Appellant knew on December 24, 1987, only that the foreign object in his arm was either a bone chip or a piece of glass. Whether or not the foreign object was a bone chip or a piece of glass is immaterial to the resolution of this appeal. Appellant stated to the examining doctors that the afflicted area of his arm was the site of a surgically repaired glass cut. This is not disputed. This fact, coupled with the knowledge that there was a foreign object in the site, is sufficient to put Appellant on inquiry notice of the wrongful injury. The discovery rule encompasses the precept that acquisition of sufficient information which, if pursued, *would lead to* the true condition of things is sufficient to start the running of the statute. A reasonably prudent person is required to pursue his claim with diligence. Statutes of limitations were not designed to help those who refrain from prosecuting inquiries plainly suggested by the facts, and thus the Plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of diligence. *Daugherty v. Farmers Co-op Ass'n.*, 689 P.2d 947 (Okl.1984).

Since it is undisputed that the means of knowledge existed more than two years before the action was filed, the Plaintiff is chargeable with the knowledge an inquiry would have produced, and the discovery rule does not, under this record, bar the running of the statute of limitations.

It follows that the trial court did not err in granting the motion for summary judgment, and that order is affirmed.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.