**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANA LOCKE, individually and as
class representative on behalf of the
class constituting all similarly situated
citizens and residents of Oklahoma
who are or were insureds of Allstate
Insurance Company,

      Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 96-6415
(D.C. No. CIV-96-826-A)
(W. Dist. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

Jana Locke brought this action against Allstate Insurance Company

asserting breach of contract, fraud, and bad faith in connection with Allstate's

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

refusal to provide replacement cost coverage under a homeowners policy.[1]  The

district court granted summary judgment for Allstate on these claims, ruling that

they were time-barred.  On appeal, Mrs. Locke challenges only the disposition of

her tort claims, asserting that the running of the limitation period should not have

been decided as a matter of law.  We agree and reverse.[2]

In reviewing a grant of summary judgment, we must determine whether the

evidence, viewed most favorably to the nonmoving party, reveals a genuine issue

of material fact.  Miller v. Armstrong World Indus., Inc, 949 F.2d 1088, 1090

(10th Cir. 1991).  Summary judgment is not proper when "'the evidence presents

a sufficient disagreement to require submission to a jury.'"  Thrasher v. B & B

Chem. Co., 2 F.3d 995, 996 (10th Cir. 1993) (quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 251-52 (1986)).  As we discuss below, the evidence here is

not so one-sided that Allstate is entitled to prevail on its affirmative defense as a

matter of law.  Id.

---

[1] Mrs. Locke also asserted a tort claim for violation of public policy, as well as claims for fraud and bad faith based on Allstate's conduct in negotiating a consent order with the Oklahoma State Board for Property and Casualty Rates three years after Allstate denied coverage under the homeowners policy.  The court below rejected these claims on the merits and Mrs. Locke has not appealed those rulings.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Viewed most favorably to Mrs. Locke, the record reveals the following. On March 14, 1991, Allstate representatives appeared before the Oklahoma State Board for Property and Casualty Rates at a hearing on Allstate's application to eliminate both replacement coverage on roof surfacing and home replacement cost guarantee coverage from its homeowners policy without a reduction in homeowners insurance rates. The discussion at that hearing and the official minutes of the meeting indicate that the Board's permission to drop the coverage was conditioned upon Allstate's formulating and filing with the Board a disclaimer notice to be submitted to and signed by the insureds informing them that the coverage would be eliminated. It is undisputed Allstate knew members of the Board were taking the position during the relevant period that absent a disclaimer signed by the insured, the coverage would not be eliminated and the Board would not back Allstate in a dispute with an insured over coverage. Allstate began eliminating coverage on May 27, 1991, by including the disclaimer notice in its policy renewal packets along with other notices and documents.

Mrs. Locke had acquired homeowners insurance prior to March 1991 containing the replacement coverage Allstate was seeking to eliminate. On June 18, 1992, she submitted a claim for replacement of her roof due to hail damage that would have been covered under those provisions. Allstate refused to honor the claim even though it is undisputed Allstate did not have a signed disclaimer

notice from Mrs. Locke. Mrs. Locke filed a complaint with the Board asserting her Allstate agent had told her Allstate was not handling that part of the policy any more and she should have received notice of the coverage elimination upon renewal. Mrs. Locke further stated she had no knowledge of the coverage elimination and her premium had not changed for reduced coverage.

The Board sought a response from Allstate and Allstate replied that Mrs. Locke had received notice in her 1992 renewal informing her the coverage had been changed. Allstate attached to its response an unsigned notification form. The Board conveyed Allstate's response to Mrs. Locke, who again contacted the Board and denied receiving any notice of a reduction in coverage. Upon further inquiry from the Board, Allstate reiterated it had enclosed notice of coverage reduction in Mrs. Locke's renewal offer. The Board personnel handling Mrs. Locke's complaint were apparently unaware that the Board had previously conditioned Allstate's elimination of coverage upon receipt by Allstate of a signed disclaimer notice from the insured, and Allstate did not enlighten either the Board or Mrs. Locke regarding this fact. Allstate's refusal to provide coverage was left undisturbed by the Board.

Mrs. Locke filed this action in 1996, well past the two-year limitation period provided by Oklahoma law for fraud actions. See Okla. Stat. tit. 12, § 95 Third (1991). However, Oklahoma recognizes two exceptions to the running of

-4-

the statute of limitation in tort cases, the discovery rule and the doctrine of fraudulent concealment. Szczepka v. Weaver, 942 P.2d 247, 249 (Okla. Ct. App. 1997). The discovery rule provides that the limitation period is tolled until "the claimant knew, or, in the exercise of reasonable diligence would have discovered the act which gives rise to the claim." Redwine v. Baptist Med. Ctr of Okla., Inc., 679 P.2d 1293, 1295 (Okla. 1983). Under this rule, "the beginning of the running of the statute of limitations is usually to be determined from the facts and circumstances of the particular case; and, where these are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of the facts." Id. Under the fraudulent concealment doctrine, the statute is tolled when a defendant commits "some actual artifice to prevent knowledge or some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." Wills v. Black & West, Architects, 344 P.2d 581, 584 (Okla. 1959).

The district court held as a matter of law that the discovery rule did not render Mrs. Locke's tort claims timely because she had sufficient information by July 1, 1992, which, if pursued with due diligence, would have revealed her alleged injury at the hands of Allstate. The court based its ruling on Mrs. Locke's statement in her complaint to the Board that Allstate was denying coverage and that her agent had told her she should have received notice of coverage reduction.

While it is true Mrs. Locke knew those facts in 1992, it is also true she pursued those facts with the state agency authorized to handle such complaints and that upon investigation the Board determined the facts did not entitle Mrs. Locke to relief. The Board's decision is one of the circumstances which must be factored into the reasonable diligence inquiry in accordance with Oklahoma law. See Redwine, 679 P.2d at 1295. We believe the district court improperly focused solely on the facts Mrs. Locke knew before she complained to the Board without addressing the impact on the reasonable diligence requirement of the Board's adverse resolution of her complaint. In our view, reasonable jurors could differ on whether due diligence required Mrs. Locke to take further action on her claims after the Board rejected them.

The court also held as a matter of law that the doctrine of fraudulent concealment did not apply for two reasons. First, the court ruled that the only concealment in which Allstate engaged was silence, and that the mere failure to disclose does not rise to fraudulent concealment under Oklahoma law. Oklahoma defines the tort of deceit as, inter alia, "[t]he suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." Okla. Stat. tit. 76, §3.3 (1991). In addition, Oklahoma law defines actual fraud to include "[t]he suppression of that which is true, by one having knowledge or belief of the fact." Okla. Stat. tit.

15, § 58.3 (1991).  Here, in response to Mrs. Locke's complaint that her coverage had been eliminated without notice, Allstate presented the Board with an unsigned copy of the notice disclaimer along with its assertion that it had given Mrs. Locke actual notice.  In light of the above provisions, Allstate's exchange with the Board could be viewed by a reasonable juror as going beyond mere silence to constitute affirmative conduct intended to conceal the fact that a signed disclaimer was required before Allstate could eliminate coverage and that Allstate had not complied with that condition.  Moreover, whether or not Allstate's responses to the Board rose to the level of fraudulent concealment, they were certainly relevant to the discovery doctrine as a circumstance tending to explain Mrs. Locke's decision not to proceed further with her claims.  See Redwine, 679 P.2d at 1295.

Second, the court held that one relying on fraudulent concealment must show she exercised reasonable diligence to ascertain the facts constituting her cause of action.  The court repeated its conclusion that Mrs. Locke's knowledge in 1992 was sufficient to show lack of diligence as a matter of law, improperly disregarding the impact of the Board's decision on her need to investigate further.  In addition, the court apparently was of the view that due diligence required Mrs. Locke to institute a lawsuit as did another disgruntled Allstate insured.  We are not persuaded, however, that reasonable diligence requires the commencement of

-7-

a lawsuit in order to uncover concealed facts.  See Baskin v. Hawley, 807 F.2d 1120, 1131 (2d Cir. 1986).

In sum, we conclude that fact issues exist on this record as to the applicability of the discovery doctrine and the doctrine of fraudulent concealment to the running of statute of limitations.  Accordingly, we **REVERSE** the judgment of the district court and remand for further proceedings.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

No. 96-6415, <u>Locke v. Allstate Insurance Co.</u>

BRISCOE, Circuit Judge, dissenting:

Because I conclude the district court properly dismissed plaintiff's fraud and bad faith claims on statute of limitations grounds, I respectfully dissent.

Plaintiff alleged in her complaint that Allstate had affirmative duties to (1) provide actual notice to her in early 1992 of its deletion of home replacement (HRCG) and roof replacement (RS) coverage; (2) advise her in early 1992 that HRCG and RS coverage were available under a separate Allstate policy; and (3) advise her, when it handled her June 1992 claim, that deletion of RS coverage from her original policy was conditioned upon her signing the disclaimer notice approved by the Board in 1991. According to plaintiff, Allstate's failure to fulfill these duties constituted fraud and bad faith.

The district court concluded these claims were subject to a two-year statute of limitations under Okla. Stat. tit. 12, § 95. The court further concluded the claims were subject to the "discovery rule," which "tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action." <u>Weathers v. Fulgenzi</u>, 884 P.2d 538, 541 (Okla. 1994); <u>see also</u> <u>Szczepka v. Weaver</u>, 942 P.2d 247, 249 (Okla. App. 1997) ("The ordinary statute of limitations will not prevent the vindication of a right, without consent or notice, until such time as the person knows, or in the exercise of due diligence, should have known that the

right existed."); <u>In re John Deere 4030 Tractor</u>, 816 P.2d 1126, 1131-32 (Okla. 1991) (same).  Applying the discovery rule, the court concluded:

> Mrs. Locke knew she had suffered damage the moment Allstate denied coverage for a loss she thought should have been covered by her homeowners policy.  On July 1, 1992, she complained to the state's Insurance Commissioner.  In her complaint, Ms. Locke recited:
>> She [an Allstate agent] stated that Allstate was not handling that part of the policy any longer.  She said we should have received notice from the company upon renewal.  We have no knowledge of this.
>
> (citation omitted).
> Thus, by July 1, 1992, by her own words, Ms. Locke knew both of the damage (a decision of non-coverage) and a fishy aspect of coverage reduction (that she should have received some kind of notice, which she denied receiving).  By then, Ms. Locke had information that, if pursued, would have led to the true condition of things.  Like the plaintiff in <u>Mud Trans</u>, Ms. Locket knew she had suffered damage that might be Allstate's fault.
> Under the discovery rule, the limitations period was triggered when Ms. Locke received sufficient knowledge so that she could have discovered her claims, regardless of whether she actually knew of the claim at that time.  Therefore, the statute of limitations began to run on any tort claim arising from Allstate's 1991 or 1992 conduct not later than July 1, 1992.  Because Ms. Locke did not bring suit within the requisite two-year period, her tort claims are untimely.

App. at 696-97.

I agree with the district court's analysis.  At the time plaintiff filed her complaint with the Insurance Commissioner on July 1, 1992, she knew Allstate had denied her claim for replacement cost coverage for her roof, that Allstate claimed it had sent a disclaimer notice to her when it renewed her policy in early 1992, and that she did not remember receiving such notice.  Even after the Board

-2-

failed to take action beyond inquiries of Allstate on her administrative complaint, plaintiff and her husband continued to maintain they had been treated unreasonably by Allstate. In particular, in September 1992, plaintiff's husband wrote a letter to Allstate denying they had received a copy of the disclaimer notice. Notwithstanding this position, plaintiff and her husband failed to take any action against Allstate for a period of nearly four years.

I also find it significant that, during resolution of plaintiff's administrative complaint, Allstate provided the Board (and presumably plaintiff[1]) with a copy of the disclaimer notice sent to plaintiff when it renewed her policy. The notice stated in pertinent part: "Because of the significance of this change [i.e., deletion of RS coverage], we ask you to please sign on the line below, and return the perforated section in the envelope provided." App. at 123. In my view, this language should have alerted a reasonable person in plaintiff's position to either make further inquiry of the Board about the signature requirement or to seek assistance from an attorney.

As for plaintiff's argument that the applicable statutes of limitations were

---

[1] It is unclear from the record whether plaintiff received a copy of the letter with the accompanying copy of the disclaimer notice (either directly from Allstate or from the Insurance Commissioner). If she did not, she should have requested a copy either from Allstate or the Insurance Commissioner. In other words, I believe a reasonable person in plaintiff's shoes, who alleged she did not receive notice of the change in coverage, would have asked to see a copy of the disclaimer notice that Allstate allegedly mailed to her.

tolled due to Allstate's fraudulent concealment of facts, I agree with the district court that plaintiff's failure to exercise reasonable diligence precludes her from asserting this argument. Daugherty v. Farmers Co-op. Assoc., 689 P.2d 947, 951 (Okla. 1984) (plaintiff's negligence in discovering cause of action prevents him from asserting bar of fraudulent concealment).

I would affirm the judgment of the district court.