2007 OK CIV APP 9

**Phillip C. LANCASTER and Diane R. Lancaster, Plaintiffs/Appellants,**

v.

**Ronal D. HALE, M.D., Defendant/Appellee.**

No. 103,458.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 22, 2006.

Rehearing Denied Oct. 2, 2006.

Certiorari Dismissed Jan. 11, 2007.

---

Dan L. Holloway, Kenyatta R. Bethea, Marissa T. Osenbaugh, Holloway Bethea & Osenbaugh, P.L.L.C., Oklahoma City, OK, for Plaintiffs/Appellants.

Inona Jane Harness, Pierce Couch Hendrickson Baysinger & Green, LLP, Oklahoma City, OK, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 In this medical malpractice action, Plaintiffs Phillip C. and Diane R. Lancaster appeal the trial court's granting of a motion for summary judgment in favor of Defendant, Dr. Ronal D. Hale. Based on our review of the record and the law, we reverse and remand for further proceedings.

## BACKGROUND

¶2 On February 16, 2001, Plaintiff Phillip Lancaster underwent right hip replacement during a surgery conducted by Defendant at Integris Southwest Medical Center. Plaintiff alleges that he awoke from surgery in extreme pain. He also states he immediately realized that the surgery left his right hip one-half inch shorter than the left. He continued to suffer great pain over the ensuing months, but alleges that Defendant advised him that his pain was normal, that he was improving, and that any excessive pain was probably caused by his own improper conduct or driving his truck. His treatment with Defendant ended on October 29, 2002.

¶3 Plaintiff then consulted Dr. Ross Pope. He alleges that on December 26, 2002, Dr. Pope advised him that the surgery performed by Defendant was unnecessary or inappropriate, and that Defendant's care was below the applicable standards and constituted malpractice. He alleges that this was the first time he knew, or should have known, of Defendant's malpractice.

¶4 On December 14, 2004, Plaintiffs filed a malpractice suit against Defendant. Plaintiffs subsequently filed an amended petition alleging the discovery of his right to file a malpractice claim took place in December 2002. After substantial discovery by the parties, Defendant filed a motion for summary judgment, which the trial court ultimately granted on the ground of bar by the statute of limitations. The trial court specifically found that Plaintiff knew or should have known of his cause of action more than two years before filing suit. Plaintiffs appeal.

## STANDARD OF REVIEW

¶5 Summary judgment is appropriate only where it appears that there is no substantial controversy as to any material fact and that one party is entitled to judgment as a matter of law. *Sellers v. Okla. Publ'g Co.*, 1984 OK 11, ¶23, 687 P.2d 116, 120. We review a summary judgment order *de novo. Young v. Macy*, 2001 OK 4, ¶9, 21 P.3d 44, 47. In doing so, all inferences and conclusions to be drawn from the underlying facts must be reviewed in the light most

favorable to the party opposing the motion for summary judgment. *Redwine v. Baptist Med. Ctr. of Okla.,* 1983 OK 55, ¶ 10, 679 P.2d 1293, 1295, citing *Weaver v. Pryor Jeffersonian,* 1977 OK 163, 569 P.2d 967.

## ANALYSIS

¶ 6 The statute of limitations for medical malpractice actions provides, at *76 O.S. Supp.2005 18:*

An action for damages for injury or death ... shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of[.]

Indisputably, the February 16, 2001, surgery occurred more than two years prior to the filing of Plaintiff's amended petition in 2004. However, Plaintiff asserts that the statute of limitations was tolled by operation of the discovery rule.

¶ 7 The discovery rule is an equitable principle which shields a plaintiff from the accrual of a cause of action until he discovers, or by the exercise of reasonable diligence should have discovered that he may have an actionable claim. 51 Am.Jur.2d *Limitation of Actions* § 179 (2000); *Samuel Roberts Noble Found. v. Vick,* 1992 OK 140, ¶ 22, 840 P.2d 619, 624. In *Daugherty v. Farmers Coop. Ass'n,* 1984 OK 72, 689 P.2d 947, the Oklahoma Supreme Court further explained the rule:

Properly limited, a discovery rule should encompass the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations.... This rule obtains because a reasonably prudent person is required to pursue his claim with diligence.... "For the purposes of the statute of limitations, if the means of knowledge exist and the circumstances are such as to put a reasonable man upon inquiry, it will be held that there was knowledge of what could have been readily ascertained by such inquiry and the limitation on the general rule often expressed in the statute is that plaintiff can-

not successfully ... [set up a bar to the running of the statute] if his failure to discover it is attributable to his own negligence."

*Id.* at ¶ 12, 689 P.2d at 950–51 (citations omitted).

¶ 8 In this case, Defendant argues that Plaintiff knew or should have known of his cause of action because, immediately after surgery, he knew one leg was shorter than the other and he began suffering pain which did not diminish. Defendant argues that the facts are similar to *Queri v. Midwest City Memorial Hospital,* 1992 OK CIV APP 122, 839 P.2d 688, where that plaintiff also suffered great pain and numbness at the site of his surgery and was advised by another doctor that the surgical site could contain a foreign object. However, the plaintiff in *Queri* did not file suit until after the limitations period passed and he had undergone a second surgery, which resulted in the finding and the removal of a piece of glass from his arm. On appeal, another division of this Court held that he had not diligently and timely filed suit.

¶ 9 We find *Queri* distinguishable on its facts. Here, although Plaintiff also experienced pain after surgery which did not diminish, he was never advised that his pain was caused by a foreign body or by Defendant's wrongful conduct. Unlike the plaintiff in *Queri,* Plaintiff alleges that Defendant continued to advise him that the pain was normal, that he was continuing to improve, and that any problem was caused by Plaintiff's own conduct. We find this case similar to the line of cases represented by *Redwine v. Baptist Medical Center of Oklahoma,* 1983 OK 55, 679 P.2d 1293.

¶ 10 In *Redwine,* the plaintiff filed a malpractice suit after her husband died during heart surgery on March 9, 1976. Immediately after the surgery and death, the defendant doctor had informed the plaintiff that the death was just "one of those things." A year later, the plaintiff received a letter from the State Medical Examiner which indicated that the true cause of her husband's death was air being allowed into his aorta artery during the operation. She filed suit on March 8, 1978,

almost one year after the statute of limitations then in existence had run. The Supreme Court reversed the trial court's grant of summary judgment, stating:

In *Flowers v. Stanley* [316 P.2d 840 (Okla.1957)], we held that where the period of limitations starts when the claimant knew, or, in the exercise of reasonable diligence would have discovered the act which gives rise to the claim, the beginning of the running of the statute of limitations is usually to be determined from the facts and circumstances of the particular case; and, where these are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of the facts. In so determining, we need not address the question of whether Dr. Hartsuck's statement to plaintiff that her husband's death was simply "one of those things" constitutes a fraudulent representation which tolls the statute of limitations. Whether or not the statement constituted fraudulent concealment, it was at least a circumstance which tends to explain her failure to make an earlier determination of the cause of death, and its weight is for the jury to determine.

*Id.* at ¶ 9, 679 P.2d at 1295 (footnotes omitted).

¶ 11 Similarly, in *Caruso v. Brown,* 1984 OK CIV APP 36, 686 P.2d 996, a podiatrist allegedly committed malpractice upon the plaintiff when, during an August 29, 1978, surgery, he intentionally severed a muscle in her leg contrary to accepted procedure and approved medical procedure licensing. Upon awaking postoperatively, the plaintiff was in terrible pain and continued to suffer even after she went home. When she asked the defendant about the pain, he replied "it takes time." During the next few years, she continued to be in pain and lost considerable use of her foot. On January 14, 1981, she saw another podiatrist who advised her that she had suffered malpractice at the hands of the defendant. She filed suit on May 18, 1981. On appeal from the trial court's grant of summary judgment, a division of this Court reversed, stating:

While the record here may justify the conclusion that plaintiff was aware of the postoperative condition of her right foot and leg, and that she even knew both were injured by defendant, there is no evidence she knew prior to January 14, 1981, that the injury or condition was wrongful and that therefore she possessed an actionable claim.

Whether through the exercise of reasonable diligence she should have known of her right of action remains a potential issue which defendants are at liberty to raise and, if they can, prove to the satisfaction of the jury she should have. Germane to such an issue is plaintiff's complaint of defendant's misrepresentations and concealment of material facts relating to their malpractice.

*Id.* at ¶¶ 30–31, 686 P.2d at 1000.

¶ 12 In ruling upon a motion for summary judgment, the trial court cannot assume facts which are in dispute. *Post Oak Oil Co. v. Stack & Barnes, P.C.,* 1996 OK 23, ¶ 16, 913 P.2d 1311, 1314. Viewing the evidentiary material in the light most favorable to Plaintiff, we find that a substantial controversy exists as to whether he knew, or was able to discover with diligence, the existence of a cause of action against Defendant for the February 16, 2001, surgery until December 26, 2002. Accordingly, the trial court erred in granting summary judgment and its order is reversed. This is a factual dispute for which Plaintiff is entitled to a jury trial.

## CONCLUSION

¶ 13 For the reasons set forth above, the trial court's summary judgment order is hereby reversed and this case is remanded for further proceedings.

¶ 14 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, V.C.J., and REIF, J., concur.