**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS BOETTCHER; PAMELIA
VENNERBERG,

Plaintiffs - Appellants,

v.

CONOCO PHILLIPS, CO.; PHILLIPS
66, CO.,

Defendants - Appellees.

No. 17-6115
(D.C. No. 5:16-CV-01128-HE)
W.D. Okla.

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **McHUGH**, Circuit Judges.

I.      **Introduction**

Plaintiffs-Appellants Thomas Boettcher and Pamelia Vennerberg (the

"Boettchers") appeal from the district court's order granting the motion to dismiss

filed by Defendants-Appellees ConocoPhillips Company and Phillips 66 Company

(collectively "ConocoPhillips").  The amended complaint alleged that Mr.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Boettcher's cancer was caused by exposure to emissions from ConocoPhillips's refinery in Ponca City, Oklahoma. The district court concluded the Boettchers' claims were untimely because they failed to plead sufficient facts to support application of the discovery rule. On appeal, the Boettchers argue the complaint is sufficient and the district court failed to accept the allegations therein as true.

Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's dismissal of the Boettchers' complaint.

## II. Discussion

The Boettchers' amended complaint alleges that Mr. Boettcher lived near the ConocoPhillips refinery from 1944 until 1962. It further alleges Mr. Boettcher was exposed to benzene and benzene-containing chemicals released from the refinery and those emissions caused him to develop multiple myeloma. Mr. Boettcher's cancer diagnosis was made in 2011, but the Boettchers' claims were not brought until 2016. ConocoPhillips moved to dismiss the Boettchers' amended complaint, asserting their claims were time barred as a matter of law.[1] Specifically, it argued the complaint failed to establish a factual basis for tolling the two-year limitations period and, thus, the discovery rule was inapplicable.

---

[1]ConocoPhillips had previously moved to dismiss the Boettchers' original complaint, also asserting the claims were time-barred and no grounds existed to justify tolling the limitations period. In response, the Boettchers sought leave to amend their complaint, which the district court granted. The dismissal of the amended complaint is the subject of this appeal.

*See* Okla. Stat. Ann. tit. 12, § 95(A)(3) (establishing a two-year statute of limitations for negligence and strict liability claims); *Lester v. Smith*, 198 P.3d 402, 403 (Okla. Civ. App. 2008) ("The discovery rule allows limitation periods in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." (quotation omitted)). The Boettchers' amended complaint alleged as follows with respect to the discovery rule: "Plaintiffs did not know or discovery [sic] the underlying factual basis for, or a potential or actual causal relationship between Mr. Boettcher's exposures to benzene and multiple myeloma giving rise to this lawsuit until learning of same in August 2015."

The Boettchers did not challenge ConocoPhillips's assertion that their claims were untimely unless the discovery rule applied. Instead, they argued the statement in their amended complaint alleging they did not discover a causal connection between Mr. Boettcher's cancer and his exposure to emissions from the refinery until August 2015, is a factual allegation sufficient to toll the statute of limitations and must be accepted as true. They asserted no further detail was necessary or possible.

In a well-reasoned Order, the district court thoroughly considered the parties' arguments. The court agreed with ConocoPhillips that a limitations issue may be resolved on a motion to dismiss when it is evident from the complaint that

the plaintiff's claims are untimely.[2] The district court also agreed with

ConocoPhillips that the statement in the Boettchers' amended complaint did not

contain facts sufficient to demonstrate a basis for tolling the applicable statute of

limitations. Under Oklahoma law, the discovery rule tolls the limitations period

until the plaintiff knows of, or in the exercise of reasonable diligence should have

known of, the injury. *Daugherty v. Farmers Co-op Ass'n*, 689 P.2d 947, 950-51

(Okla. 1984). The amended complaint alleged the Boettchers were aware of Mr.

Boettcher's injury in 2011 but did not actually discover its alleged cause until

2015. The district court concluded these facts, even accepted as true, were

insufficient because the complaint contained no facts addressing how the

Boettchers exercised reasonable diligence or why they were unable to discover

the cause of Mr. Boettcher's cancer prior to 2015. *See id.* at 951 ("A plaintiff is

chargeable with knowledge of facts which he ought to have discovered in the

exercise of reasonable diligence.").

"We review de novo the district court's granting of a motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6)." *Slater v. A.G. Edwards & Sons,*

---

[2]The Boettchers have never challenged ConocoPhillips's assertions that the applicable limitations period for their claims is two years and they bear the burden of establishing a factual basis to toll that period. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

*Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, citations, and alterations omitted). We have reviewed the parties' appellate briefs and contentions, the district court's Order, and the entire record on appeal. Based upon that *de novo* review, we agree with the district court that the Boettchers' amended complaint contains only a conclusory statement as to the application of the discovery rule and lacks any factual allegations relevant to the Boettchers' exercise of reasonable diligence. Thus, based on the facts alleged, it cannot be concluded that the discovery rule tolls the two-year limitations period. We affirm the grant of ConocoPhillips's motion to dismiss for substantially those reasons set out in the district court's Order dated April 24, 2017, with the following addition.

In an argument not presented to the district court, the Boettchers assert the discovery rule tolls the statute of limitations in toxic tort cases until an expert opines on the cause of the plaintiff's injury. During their oral presentation to this court, the Boettchers wisely retreated from this unpreserved and unsupported argument. Instead, they asserted an expert opinion is one factor to be considered when examining the sufficiency of a complaint and "there has to be an expert

-5-

source within the facts." They then asked this court to infer that they did not consult with an expert until August 2015, because their amended complaint alleges that was the date on which they discovered the cause of Mr. Boettcher's cancer. Even ignoring that this argument is also unpreserved, both at the trial and appellate levels, it does not provide the Boettchers with an avenue for relief. First, they do not explain how or why the facts alleged in the complaint make that inference plausible or reasonable. Additionally, even if the amended complaint specifically stated that the Boettchers did not consult with an expert until August 2015, it still contains no facts from which it could be concluded that the Boettchers exercised reasonable diligence between the time of Mr. Boettcher's diagnosis and that consultation. Thus, the fact we are asked to infer does not affect our conclusion that the Boettchers' amended complaint fails to adequately plead application of the discovery rule.

## III. Conclusion

The judgment of the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-6-