**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 1/22/97**

**TENTH CIRCUIT**

---

THOMAS R. HUTCHINSON,
individually and as Personal
Representative of the Estate of Anne
Hutchinson, deceased,

       Plaintiff - Appellant,

v.

RICHARD B. PFEIL; MARY JOAN
PFEIL; ART SERVICES
INTERNATIONAL, INC.; WILLIAM H.
GERDTS; DAVID BERNARD
DEARINGER; and SONA JOHNSTON,

       Defendants - Appellees.

No. 95-5269

---

**Appeal from the United States District Court
for the N. D. Okla.
(D.C. No. 94-C-711-E)**

---

Joan Godlove of Glenn R. Beustring and Associates, Tulsa, OK (Glenn R. Beustring and
Todd Alexander, Glenn R. Beustring and Associates, Tulsa OK, with him on brief) for
Plaintiff-Appellant.

Lewis N. Carter of Doerner, Saunders, Daniel & Anderson, Tulsa, OK, for Defendants-
Appellees Richard B. Pfeil, Mary Joan Pfeil, Art Services International, Inc., William H.
Gerdts, and David Bernard Dearinger (James L. Kincaid and Cheryl L. Cooper of Crowe
& Dunlevy, Tulsa, OK and Barrett W. Freedlander of Weinberg and Green, Baltimore,
MD with him on brief) for Defendant-Appellee Sona Johnston.

---

Before **EBEL**, Circuit Judge, **MCWILLIAMS**, Senior Circuit Judge and **KELLY**, Circuit Judge.

─────────────────────────

**EBEL**, Circuit Judge.

─────────────────────────

Plaintiff - Appellant, Thomas R. Hutchinson ("Hutchinson"), brought this action under § 43(a) of the Lanham Act[1] alleging that Richard and Mary Joan Pfeil (collectively "the Pfeils") are falsely advertising the history of a certain painting in an art catalogue. Hutchinson has also joined as defendants Art Services International, Inc., the non-profit corporation which produced the catalogue; William H. Gerdts, David Bernard Dearinger, and Sona Johnston, the art historians who provided the historical annotations for the catalogue, and South China Printing Company ("South China"), the Hong Kong company that printed the catalogue.

Hutchinson appeals the district court's decision to grant a motion for summary judgment joined in by six of the seven defendants who were named in the complaint. Judgment was entered in favor of those defendants. The remaining defendant, South China, waived service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, but did not answer the complaint or join in the motion for summary judgment. Because the

─────────────────────────

[1] "Any person who . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact . . ., which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his goods . . . shall be liable in a civil action . . . ." 15 U.S.C. § 1125(a)(1)(B).

order and judgment of the district court is not final as to all parties below under 28 U.S.C. § 1291, see Bristol v. Fibreboard Corp., 789 F.2d 846 (10th Cir. 1986), and because the judgment is not appealable as an interlocutory appeal under 28 U.S.C. § 1292(a)(1),  we dismiss this appeal for lack of appellate jurisdiction.


## BACKGROUND

Because we are dismissing this case for lack of appellate jurisdiction, we will not extensively discuss the facts relevant to the substantive issues implicated in this case. However, we will briefly review the factual basis of Hutchinson's claim and the procedural posture of the dispute in order to explain why the district court's grant of partial summary judgment is not appealable at this time.

Hutchinson is the distant relative of the 19th Century American Impressionist painter, Theodore Robinson ("Robinson"), who painted a painting owned by the Pfeils, entitled *E.M.J. Betty*.  Hutchinson alleges in his lawsuit that  the Pfeils own an unfinished version of the *E.M.J. Betty,* and that he has an ownership interest in the finished version of the *E.M.J. Betty*, which he claims was stolen in 1896.  The Pfeils have represented in an art catalogue that the *E.M.J. Betty* they own is a finished work of Robinson's.

Hutchinson does not currently possess "his" finished version, has never seen the finished version, has no knowledge of the whereabouts of that version, nor does he have any reasonable evidence that a finished version ever existed.  Nonetheless, Hutchinson

argues that the Pfeils' representations that their *E.M.J. Betty* is the finished version are actionable under § 43(a) of the Lanham Act because his interest in the finished *E.M.J. Betty* is diminished by those representations. In his prayer for relief, Hutchinson asked the district court to award him compensatory and punitive damages against the Pfeils, Art Services International, Inc., William H. Gerdts, David Bernard Dearinger, and Sona Johnston, and he asked the court to enjoin permanently those defendants from representing that the Pfeils' *E.M.J. Betty* is a finished version. In a separate prayer, Hutchinson asked the district court to enjoin permanently South China from printing any more art catalogues depicting the *E.M.J. Betty*. Throughout this litigation, Hutchinson has not sought a preliminary injunction or temporary relief of any kind.

The district court granted a summary judgment motion joined in by every defendant but South China on the grounds that Hutchinson has no standing to bring a false advertising claim under § 43(a) as he is not a competitor and has never been a competitor of the defendants. Hutchinson appeals the district court's order.

## DISCUSSION

We can address the underlying merits of a lawsuit only if it meets the requirements for appellate jurisdiction outlined in either 28 U.S.C. §1291 or §1292. <u>Tri-State Generation & Trans. v. Shoshone R. Power</u>, 874 F.2d 1346, 1351 (10th Cir. 1989). This appeal does not satisfy the requirements of either provision.

A.    §1291 Jurisdiction

Under § 1291, we have jurisdiction only over "final" decisions of the district court, where finality is controlled by Fed. R. Civ. P. 54(b).  Bristol v. Fibreboard Corp., 789 F.2d 846, 848 (10th Cir. 1986).  Rule 54(b) provides that in the absence of a determination by the district court that "there is no just reason for delay and an express direction for the entry of judgment," a judgment which

> adjudicates fewer than all the claims or the rights and liabilities of *fewer than all the parties* shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added).

In Bristol, we held that an order granting a motion for summary judgment that was not joined by every served defendant and not accompanied by a Rule 54(b) certification is not appealable under § 1291.  Bristol 789 F.2d at 848.  In this case, South China did not join in the other defendants' motion for summary judgment that was granted by the district court, and the district court has not entered a judgment certifying this order for appeal under Rule 54(b).  Thus, we do not have jurisdiction over this appeal under § 1291.

B.    §1292(a)(1) Jurisdiction

A statutory exception to the finality rule is set forth in § 1292(a)(1), which provides that the court of appeals shall have jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions . . . ." 28 U.S.C. § 1292(a)(1) (1993). The requirements of § 1292(a)(1) have not been met in this case, however.

Hutchinson argues that because he was seeking injunctive relief in his complaint, the district court's order granting summary judgment for six of the defendants is appealable under § 1292(a)(1) as an order refusing to enter an injunction. Hutchinson's argument, however, does not go far enough. The Supreme Court has determined that § 1292(a)(1) is a "limited exception to the final-judgment rule" and that "unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (internal quotations omitted).

> For appellate jurisdiction, Carson requires the challenged order have (1) 'the practical effect of refusing or granting an injunction,' (2) threaten a 'serious, perhaps irreparable, consequence,' and be (3) 'effectually challenged' only by immediate appeal.

Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1496 (10th Cir.), cert. denied, 115 S. Ct. 197 (1994) (citing Carson, 450 U.S. at 84; United States v. Colorado, 937 F.2d 505, 507-08 (10th Cir. 1991)).

Carson applies only to interlocutory orders that have "the practical effect of refusing an injunction." Tri-State Generation & Trans. v. Shoshone R. Power, 874 F.2d 1346, 1351 (10th Cir. 1989). An "order expressly granting or denying injunctive relief fits squarely within the plain language of § 1292(a)(1)" and is reviewable on interlocutory appeal even without the showing of harm required by Carson. Id. Thus, "in the case of orders that do not, as a technical matter, grant or refuse an injunction, but are injunctive in practical effect, or in practical effect deny an injunction, appealability depends upon the threat of [imminent] 'serious, perhaps irrevocable, harm'. . . ." 9 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 110.20[1] (2d ed. 1996).

The summary judgment order from which Hutchinson appeals does not expressly deny injunctive relief, but rather only has the practical effect of denying such relief. Where a district court grants partial summary judgment against a plaintiff who has sought injunctive relief we believe that amounts to a practical denial of injunctive relief, and thus an interlocutory appeal may be taken pursuant to § 1292(a)(1) only upon a showing of harm as required by Carson. See Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir. 1993); E.E.O.C. v. Kerrville Bus Co., 925 F.2d 129, 131 (5th Cir. 1991); Woodard v. Sage Products, 818 F.2d 841, 851 (Fed. Cir. 1987) (en banc); I.A.M. National Pension Fund Benefit Plan A v.

Cooper Industries, 789 F.2d 21, 23-24 (D.C. Cir.), cert denied, 479 U.S. 971 (1986); Gillis v. U.S. Dept. Of Health & Human Services, 759 F.2d 565, 567 (6th Cir. 1985); Shirey v. Bensalem Township, 663 F.2d 472, 475-76 (3d Cir. 1981); Sims Varner & Associates v. Blanchard, 794 F.2d 1123, 1126 (6th Cir. 1986). The district court in this case had before it a motion for summary judgment which did not specifically refer to injunctive relief, but which only addressed the merits of the underlying claim. Therefore, we hold that the lower court's order is an effective denial of injunctive relief that triggers Carson's requirements.

As Hutchinson can show neither that irreparable consequences are threatened, nor that an immediate appeal is necessary to appeal effectually the district court's order, we determine that Hutchinson fails to satisfy Carson.

Hutchinson has not even alleged that the district court's order may cause serious or irreparable injury, nor could he in good faith. Hutchinson's behavior during this litigation belies any assertion that irreparable injury is imminent. Not only has Hutchinson failed to move for Rule 54(b) certification, but he has opposed defendants' motion for 54(b) certification.[2] Reply Brief at 24-25. See Cuomo v. Barr, 7 F.3d 17, 20 (2d Cir. 1993) (noting an appellant's failure to seek Rule 54(b) certification as evidence that irreparable injury was not imminent).

---

[2] The district court has not ruled on defendants' motion for Rule 54(b) certification. The district court has stayed all motions pending this appeal.

Moreover, although Hutchinson's Lanham Act claims have been pending for more than two years, Hutchinson has never sought a preliminary injunction or other temporary relief of any kind. Several courts have determined that where an appellant has not sought temporary relief, imminent irreparable injury is presumptively absent. See United States v. Wade, 713 F.2d 49, 53 (3d Cir. 1983) (noting that "the fact that the [appellant] has not sought any preliminary injunctive relief . . . is a strong indication that the status quo can continue until the ultimate conclusion of the litigation"); accord Cuomo, 7 F.3d at 19-20; Kerrville Bus Co., 925 F.2d at 134; Woodard, 818 F.2d at 853; Shirey, 663 F.2d at 476; cf. 16 Wright, Miller, Cooper & Gressman, Federal Practice & Procedure § 3924, at 69-70 (1977) (dismissal of counts seeking preliminary and permanent injunctive relief should be immediately appealable under § 1292(a)(1) "only if the request for a preliminary injunction was in fact being pressed").[3]  In this case, Hutchinson only seeks a permanent injunction, and "denials of permanent injunctions will warrant interlocutory review only in unusual circumstances." Kerrville Bus Co., 925 F.2d at 134.

---

[3] Two courts have found jurisdiction under § 1292(a)(1) despite an appellant's failure to seek preliminary relief, but both courts noted that preliminary relief would have been unhelpful to the appellants because the respondents were not engaging in injurious conduct during the litigation. See Volvo North America Corp. v. M.I.P.T.C., 839 F.2d 69, 74 (2d Cir. 1988); Brown v. Kerr-McGee Chemical Corp., 767 F.2d 1234, 1240 (7th Cir. 1985). In this case, Hutchinson has not shown that the respondents have ceased asserting allegedly false representations concerning the *E.M.J. Betty.* Thus, Hutchinson cannot rely on Volvo and Brown.

Indeed, the Supreme Court places great emphasis on whether an appellant seeking interlocutory review sought a preliminary injunction. The <u>Carson</u> Court, in explaining why it had denied appellate jurisdiction in <u>Gardner v. Westinghouse Broadcasting Co.</u>, 437 U.S. 478 (1978), noted that the petitioner ". . . had not filed a motion for a preliminary injunction and had not alleged that a denial of her motion would cause irreparable harm." <u>Carson</u>, 450 U.S. at 85.

We agree with the Third Circuit's observation that:

> The party's own evaluation that there is no need for injunctive relief *pendente lite* is a good indication that the status quo can continue until the ultimate conclusion of the litigation without interlocutory appellate review.

<u>Shirey</u>, 663 F.2d at 476. Here, not only did Hutchinson fail to seek any interlocutory injunctive relief, but the record reveals that he presently lacks possession of what he characterizes as the finished *E.M.J. Betty* and, in fact, he has no evidence that such a picture presently exists. Any injury he asserts would not arise until such a picture, if it exists, is acquired by Hutchinson and there is no evidence in the record to suggest that will happen any time soon. Accordingly, we hold that Hutchinson has not shown that a denial of his motion will cause irreparable harm.

Finally, Hutchinson cannot show that the district court's order can effectually be challenged only by an immediate appeal. It is clear that the district court's order can be legally challenged after the case is final even if an interlocutory appeal were proper here. <u>See</u> 9 James W. Moore et al., *Moore's Federal Practice* ¶ 110.18 (stating that "[i]f

matters are adjudged by an interlocutory decree that is subject to immediate appeal, and no appeal is taken, they are not foreclosed, but are subject to review on appeal from the final judgment"); Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 608 (7th Cir. 1993) (same). It is similarly clear that Hutchinson's claims can be "effectually" reviewed after final judgment is entered.

In Woodard, the Federal Circuit noted that whereas a denial of "preliminary injunction cannot *effectually* be reviewed after trial . . ., [t]he denial of a *permanent* injunction does not necessarily have this element of harm, that is, effectually unreviewability after trial." 818 F.2d at 851 (emphasis in original). Although in Carson the Court upheld jurisdiction for appellate review of the effective denial of a permanent injunction, "the refusal of the permanent injunction in that case caused irreparable harm *inter alia* because a settlement, conditioned on the avoidance of a trial, could not be obtained after trial." Id. at 849. The Court pointed out that "[b]ecause a party to a pending settlement might be legally justified in withdrawing its consent to the agreement once trial is held and final judgment entered, the District Court's order might thus have the 'serious, perhaps irreparable consequence' of denying the parties their right to compromise their dispute on mutually agreeable terms." Carson, 450 U.S. at 87-88. In other words, the right asserted on appeal by the parties in Carson -- the right to avoid further legal proceedings through a judicially enforceable settlement -- was the very right threatened by a delayed appeal.

Unlike the petitioner in <u>Carson</u>, Hutchinson cannot show that he risks losing a legal right if his appeal is postponed until after a final judgment has been entered. Hutchinson alleges rights under the Lanham Act and whatever legal remedy Hutchinson may be owed under that Act at this time will remain relevant during the pendency of the district court's consideration of this case. In sum, "there is no reason that [Hutchinson] cannot challenge the district court's order in the normal course of appeal; if an appeal is taken from a final judgment of the district court, and [Hutchinson] wishes to pursue the matters raised [below], [he] may contest [them] in that appeal." <u>Kerrville Bus Co.</u>, 925 F.2d at 134.

## CONCLUSION

We have an independent duty to inquire into our own jurisdiction, whether or not the issue is raised by the parties. In fulfilling that duty, we DISMISS for lack of jurisdiction Plaintiff's appeal of the district court's grant of defendant's motion for summary judgment.[4]

---

[4] The district court ruled against Hutchinson below on the grounds that he lacked standing to pursue claims under the Lanham Act. Assuming that Hutchinson's claims against South China are similar to those pursued against the appearing defendants, that ruling would appear to have equal applicability to South China. Assuming that to be the case, now that we have dismissed this appeal, it seems to us that the most efficient approach to resolve this litigation is for the district court to enter judgment as to South China on the same basis that was entered for the other defendants. <u>See</u> <u>Frow v. De La Vega</u>, 82 U.S. (15 Wall.) 552 (1872); <u>Hunt v. Inter-Globe Energy</u>, 770 F.2d 145, 147-48 (10th Cir. 1985). At that point, all the parties will have a final judgment, and a proper appeal may be taken to this court.

(continued...)

If any such new appeal raises only the same issues that were raised on this appeal, the parties are encouraged to file a stipulated motion after the notice of appeal to have the case submitted on the briefs as already submitted in the appeal presently before us.  This will avoid the necessity for re-briefing, and this court, having already heard the issues in oral argument, will be able to rule without reargument.