**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL J. FRISCHENMEYER,

Plaintiff-Appellant,

v.

FRANK GONZALES, McKinely County
Sheriff; DANNY ROSS, Police Chief,
Gallup, NM,

Defendants-Appellees.

Case No. 96-2088

(D.C. CV-96-110 JP/LFG)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Plaintiff Michael J. Frischenmeyer, a prisoner incarcerated at the McKinley County, New Mexico, jail, alleges in this pro se action that the defendant prison officials violated his constitutional rights under 42 U.S.C. § 1983 by: (1) placing him in administrative segregation; (2) failing to provide him with adequate medical attention; (3) failing to provide adequate fire or emergency escape routes; (4) withholding his mail; (5) denying him access to the courts and to legal reference materials; and (6) denying him fresh air and exercise.

In the course of this action, Mr. Frischenmeyer filed a motion for a temporary restraining order ("TRO motion"), see Rec. vol. I, doc. 7, to prevent defendants from transferring him to the State of Texas to complete service on a sentence that is presently on appeal. He also filed a motion for an emergency order ("emergency motion"), see Rec. vol. I, doc. 8, which sought (1) the provision of medical care; (2) the allowance of access to the media; and (3) the provision of access to other inmates seeking legal assistance. The district court dismissed these two motions sua sponte. See Rec. vol. I, doc. 9. The denial of these motions are the subject of this appeal.[1]

---

[1] We note that this court ordered Mr. Frischenmeyer to discuss the relevant jurisdictional issues, i.e.,"[w]hether the district court's . . . [o]rder is a final appealable decision under 28 U.S.C. § 1291 or under any recognized exception to the final judgment rule?" See Attachment to Aplt's Br. (April 29, 1996 Notice of Jurisdictional Defect). Mr. Frischenmeyer failed to address the jurisdictional issue. We must always determine jurisdiction, but here we must do so without appellant's help. "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories

**DISCUSSION**

The district court's order was a ruling disposing of motions, and is not final as to all issues and parties in this action. No judgment is final unless it adjudicates all claims among all parties. See Fed. R. Civ. P. 54(b). There is no question that the district court did not issue a final order under § 1291. We can address the underlying merits of an action only if the order is final under 28 U.S.C. § 1291, or if the action falls among a class of statutory exceptions provided in § 1292(a).

We turn next to determine whether a statutory exception provided in § 1292(a) applies. Section 1292(a)(1) gives this court "jurisdiction of appeals from[] interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions . . . ." 28 U.S.C. § 1292(a)(1). The Supreme Court has determined that § 1292(a)(1) is a limited exception to the final-judgment rule, and that "unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (internal quotations omitted); Hutchinson v. Pfeil, 105 F.3d 566, 569 (10th Cir. 1997) (quoting Carson).

---

for [Mr. Frischenmeyer] in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

3

If the district court's order had the (1) the practical effect of refusing or granting an injunction; (2) threatened a serious, perhaps irreparable consequence; and (3) can be "effectually challenged" only by immediate appeal, we could review it for an abuse of discretion under the "collateral order doctrine." Utah v. Kennecott Corp., 14 F.3d 1489, 1496 (10th Cir. 1994) (citing Carson, 450 U.S. at 84); see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949).

The district court's denial of Mr. Frischenmeyer's motion for a temporary restraining order does not fall within the scope of § 1292(a)(1). See Office of Personnel Mgmt. v. American Fed'n of Gov't Employees, 473 U.S. 1301, 1303-04 (1985) (stating that "denials of temporary restraining orders are ordinarily not appealable"). The district court's order satisfies none of the Carson prongs and, as found by the district court, "[n]o allegation is made that such a transfer is imminent or even planned, nor does the motion describe a constitutionally protected interest that would be violated by the re-transfer." Rec. vol. I, doc. 9 at 4. See also 15A Charles A. Wright, et al., Federal Practice & Procedure § 3914.3, at 522 (2d ed. 1995) ("In most circumstances appeal [from the disposition of a TRO] is inappropriate because it is very difficult to secure meaningful appellate review within the brief life of a [TRO], the harm done by grant or denial of a [TRO] often can be reduced or eliminated at the preliminary injunction stage, and the briefness of the surrounding procedures will provide little basis for informed appellate decision.").

Mr. Frischenmeyer's appeal from the district court's denial of his emergency motion also fails, but for different reasons. The order analogized Mr. Frischenmeyer's motion to a motion for a preliminary injunction, and effectively denied his request for equitable relief. See Rec. vol. I, doc. 9 at 1-2. "'[I]n the case of orders that do not, as a technical matter, grant or refuse an injunction, but are injunctive in practical effect, or in practical effect deny an injunction, appealability depends upon the threat of [imminent] serious, perhaps irrevocable harm.'" Hutchinson, 105 F.3d at 569 (quoting 9 James W. Moore, et al., Moore's Federal Practice ¶ 110.20[1], at 227 (2d ed. 1996)) (alterations in original) (internal quotations omitted). The district court's order is similar to that in Hutchinson because it was injunctive in practical effect.

Having determined that the district court's order had the practical effect of denying injunctive relief with respect to Mr. Frischenmeyer's emergency motion, we determine whether he has made an adequate showing of harm as required by Carson. See Hutchinson,105 F.3d at 570. Mr. Frischenmeyer has made no allegations "that irreparable consequences are threatened," nor is it likely that he could in good faith.[2] See

---

[2] In support of his medical attention claim, Mr. Frischenmeyer offers conclusory allegations, which only belie his claim. He alleges that he has not received adequate medical care, ostensibly as a result of his refusal to wear ankle cuffs during transport to the medical clinic. See Rec. vol. I, doc. 8 at 1-2. The record further indicates that Mr. Frischenmeyer visited the clinic a week earlier without incident and received adequate care.

id. We shall not supply "arguments or theories" for Mr. Frischenmeyer in the "absence of any discussion of these issues." Drake, 927 F.2d at 1159.

Finally, Mr. Frischenmeyer has made no effort to show that the district court's order could only be "effectually challenged" by immediate appeal. See Hutchinson, 105 F.3d at 571. Moreover, "[i]t is clear that the district court's order can be legally challenged after the case is final even if an interlocutory appeal were proper here," unless a statute or rule provides otherwise. Id. (citing 9 Moore et al., supra ¶ 110.18, at 194-95); see 19 Moore, et al., supra, ¶ 203.32[3][b] at 203-103 to 203-104 (3d ed. 1997). "Upon an appeal from the final decree, every interlocutory order affecting the rights of the parties is subject to review in the appellate court." 11A Wright, et al., supra § 2962, at 433. Mr. Frischenmeyer will likely be able to seek review of the claims alleged in his emergency motion when a final judgment is entered in this action.

Accordingly, we dismiss Mr. Frischenmeyer's appeal of the district court's denial of his motions for a temporary restraining order and for an emergency order for lack of jurisdiction.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge