**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AMON RE,

      Plaintiff-Appellant,

v.

NEW VISTAS and STATE OF NEW
MEXICO,

      Defendants-Appellees.

No. 96-2265
(D.C. No. 96-CV-546)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Plaintiff-appellant Amon Re, proceeding pro se, appeals the decision of the

district court dismissing his claims against the State of New Mexico. Because we

lack subject-matter jurisdiction under 28 U.S.C. § 1291, we must dismiss this

appeal sua sponte.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Mr. Re filed a complaint in this action against his former employer New Vistas and against the State of New Mexico, seeking money damages for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-13; Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981; and the New Mexico Human Rights Act, N.M.S.A. § 28-1-7. (See R., Compl., at 3.) Rather than filing an answer, the State responded with a motion to dismiss all claims against it under Fed. R. Civ. P. 12(b)(6). (See R., Mot. & Mem. Br. in Supp. of Mot. to Dismiss All Claims, at 1.) The district court granted the State's motion, dismissing all claims, without prejudice, on the grounds that the state has immunity from suit under the Eleventh Amendment. (See R., Mem. Op. & Order, at 2.)[1] Mr. Re argues in this appeal that because the constitutional authority for both the Americans with Disabilities Act and the Civil Rights Act of 1991 emanated from section five of the Fourteenth Amendment, and because Congress has clearly expressed its intent to abrogate the states' Eleventh Amendment immunity, his claims against the State are not precluded. (See Appellant's Opening Br. at 3.)

---

[1] Four days after the entry of this dismissal, New Vistas filed its answer to Mr. Re's complaint, denying his allegations. (See R., New Vistas' Answer to Compl., at 5-7.) The district court's docket record shows that there has been no action on Mr. Re's claim against New Vistas since New Vistas filed its answer on September 16, 1996. The record also fails to reveal any final judgment with respect to New Vistas.

This court has jurisdiction to consider an appeal under 28 U.S.C. § 1291 only when the district court has entered a final judgment or when it has certified an issue for appeal under Fed. R. Civ. P. 54(b). See Hutchinson v. Pfeil, 105 F.3d 566, 569 (10th Cir. 1997). Under 28 U.S.C. § 1291 and Rule 54(b), a district court decision is not considered a "final judgment" unless it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Utah v. Kennecott Corp., 14 F.3d 1489, 1492 (10th Cir. 1994) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). When a district court enters a judgment as to some, but not all, parties in a case, that judgment generally is not "final" for purposes of appeal. See Hutchinson, 105 F.3d at 569.

In this case, Mr. Re's claims against New Vistas are still pending before the district court, and there is no evidence in the record that the district court certified for appeal its dismissal of the claims against the State. Thus, Mr. Re's case has not reached a final judgment, and we are without subject-matter jurisdiction. Even though the parties have not raised this jurisdictional issue in their briefs, we must dismiss this appeal sua sponte. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) ("'If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte.'") (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).

For the foregoing reasons, the appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge