**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS R. HUTCHINSON;
DENNIS P. BULLARD; ROBERT J.
BULLARD; SHARON E.
COLEGROVE; JODY L. HARTZLER;
BARBARA L. LAWRENZ; RUTH
ANN LIBBY; KATHRYN M.
ROBINSON; JOHN M. SPANTON,

      Plaintiffs-Appellants,

v.

RICHARD PFEIL; MARY JO PFEIL,

      Defendants-Appellees.

No. 98-5248
(D.C. No. 94-C-1134-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs brought suit to recover possession of a painting, the E.M.J. Betty, owned by defendants Richard and Mary Pfeil.[1] Defendants moved for summary judgment, arguing that the action was barred by both laches and the statute of limitations. Plaintiffs filed a responsive brief and a cross-motion for summary judgment on the merits of their claim. The district court postponed proceedings on the latter motion pending disposition of the threshold defenses of laches and limitations raised by defendants. Ultimately, the court held that the action was untimely under both principles, granted summary judgment for defendants, and deemed plaintiffs' cross-motion moot.[2]

---

[1]  Background details regarding the painting and related litigation involving plaintiff Thomas Hutchinson and the Pfeils may be found in other decisions of this court. *See, e.g.*, *Hutchinson v. Pfeil*, No. 98-5260, ___ F.3d ___ (10th Cir. Apr. 4, 2000); *Hutchinson v. Pfeil*, 105 F.3d 566 (10th Cir. 1997); *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557 (10th Cir. Nov. 9, 1999) (unpublished).

[2]  Plaintiffs contend the district court lacked authority to hear and dispose of the motions in this sequence. They insist that, unless a continuance is entered pursuant to Fed. R. Civ. P. 56(f), which was not invoked here, the district court must conduct simultaneous proceedings on cross-motions for summary judgment. In short, they deny the court's authority to extend the time in which the parties may brief either motion. This argument is meritless. Under Fed. R. Civ. P. 6(b), a court "for cause shown may at any time in its discretion" extend the time to respond to any motion not specifically excepted by the rule; summary judgment motions are not excepted. Thus, "the court in its discretion [was] free to grant such an extension . . . pursuant to Fed. R. Civ. P. 6(b)(1) *or* 56(f)." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (emphasis added); *see also Mendez v.*
(continued...)

Plaintiffs appeal from the entry of summary judgment, raising several substantive and procedural objections to the district court's disposition. They also challenge an order precluding collateral use of certain discovery materials. For reasons explained below, we affirm the district court in all respects.

**Laches/Waiver**

In the district court, plaintiffs opposed defendants' laches defense on two bases. First, they relied on Oklahoma case law holding that a lapse of time will be charged against a party only if that party had knowledge of an alleged invasion of asserted rights and an opportunity to demand redress. Plaintiffs argued neither of these conditions was satisfied until shortly before they filed suit. Second, they relied on Oklahoma case law holding that a laches defense cannot be asserted by a party who created the operative delay, and they asserted defendants' concealment and misrepresentations of facts surrounding the origin of their unfounded claim to the painting hindered plaintiffs' discovery of their aggrieved interests. On appeal, however, plaintiffs have not reasserted either of these arguments. They are,

---

[2](...continued)
*Banco Popular De Puerto Rico*, 900 F.2d 4, 6 (1st Cir. 1990) (noting court's "considerable discretion" in applying Rule 6(b) to summary judgment deadlines). As for cause, the logical sequence of the court's legal analysis clearly justified postponement of the proceedings on plaintiffs' cross-motion.

therefore, waived. *See Pino v. Higgs*, 75 F.3d 1461, 1463 (10th Cir. 1996) (following *Bledsoe v. Garcia*, 742 F.2d 1237, 1244 (10th Cir. 1984)).

Instead, plaintiffs now categorically insist that Oklahoma law would not recognize a laches defense to their replevin claim. *See* Brief of Appellants at 19-20. This argument was never raised in district court. "'If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.'" *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995) (quoting *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986)). This is, of course, a particular instance of the general rule "'that a federal appellate court does not consider an issue not passed upon below.'" *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)); *see Tele-Communications, Inc. v. C.I.R.*, 104 F.3d 1229, 1232 (10th Cir. 1997) (barring belated presentation of "secondary, back-up theories" in context of summary judgment). Plaintiffs try to avoid the rule by arguing that they have not changed their claim, only the law they rely on to sustain it. This distinction is immaterial. The waiver rule derives from and enforces the fundamental notion that an appellate court reviews the disposition of *the dispute presented to and considered by the trial court*. *See Lyons*, 994 F.2d at 721. The policies of the rule are implicated whenever the appellant attempts to reconfigure that dispute on

-4-

appeal, whether the attempt is made through the introduction of new issues, arguments, theories, or claims.

We have discretion to consider new matters on appeal, but "only in the most unusual circumstances" *Id.* ("In the main, . . . we have consistently refused invitations to consider new issues on appeal."). The exercise of that discretion is not warranted here. Waiver of unpreserved legal arguments "is particularly apt when dealing with an appeal from a grant of summary judgment." *Tele-Communications*, 104 F.3d at 1232 (in this context, "the trial judge considers only opposing legal theories" and "[p]ropounding new arguments on appeal in an attempt to prompt us to reverse the trial court undermines important judicial values"). Further, here, plaintiffs had more than two years from the date defendants filed their motion for summary judgment in which to find and argue the legal authority they now rely on. Under the circumstances, the "need for finality in litigation and conservation of judicial resources" weighs heavily in favor of the rule of waiver, and we decline to "hold everything accomplished below [on the extensively briefed issue of laches] for naught." *Lyons*, 994 F.2d at 721 (quotation omitted).

Appellate review "is limited to the issues . . . properly preserve[d] in the district court and adequately present[ed] on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (social security appeal recognizing "waiver principles

developed in other litigation contexts"). As a result of plaintiffs' abandonment of contentions urged below in favor of a new unpreserved argument on appeal, there are, in fact, no issues before us relating to laches which satisfy the dual condition for appellate review. Accordingly, we leave the district court's determination of the defense undisturbed.

Further, plaintiffs' deficient challenge to the laches ruling undercuts their entire appeal from summary judgment, the entry of which is fully supportable on the basis of laches alone. We explained essentially the same point in *Murrell v. Shalala*, 43 F.3d 1388 (10th Cir. 1994), in which the decision under review had been supported on alternate bases and the plaintiff-appellant attacked one of these rulings solely on a specious procedural ground, leaving the merits of that ruling unchallenged. *Id.* at 1389-90 (footnote omitted); *see also Berna*, 101 F.3d at 633-34 (holding appeal in which one of two alternate grounds for disposition went unchallenged "effectively foreclosed under *Murrell*").

**Statute of Limitations**

As an alternative basis supporting summary judgment, the district court ruled that plaintiffs' claims were barred by the statute of limitations. The parties agree this case is governed by the two-year statute of limitations in Okla. Stat. tit. 12, § 95 Third. Their dispute concerns when that limitations period began to run under "discovery rule," or "inquiry notice," principles. *See Weaver v. Casey*

-6-

*(In re 1973 John Deere 4030 Tractor)*, 816 P.2d 1126, 1132-34 (Okla. 1991) (adopting discovery rule for replevin actions); *see also Queri v. Midwest City Mem'l Hosp.*, 839 P.2d 688, 690 (Okla. Ct. App. 1992) (discussing discovery rule in terms of inquiry notice). "The discovery rule encompasses the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things is sufficient to start the running of the statute." *Queri*, 839 P.2d at 690; *see Daugherty v. Farmers Coop. Ass'n*, 689 P.2d 947, 950-51 (Okla. 1984). The rule "tests the evidence for lack of diligence by the injured party to discover the injury," which in this context would be "evidence that the [plaintiffs] had an opportunity to know of the possession of the[ir] property by another," but failed to timely protect their interests. *In re John Deere*, 816 P.2d at 1132-33.

The district court's straightforward application of the discovery rule may be summarized as follows: (1) plaintiffs contend that the artist's signature on the painting (which allegedly has an uncharacteristic "C"-shaped "T") is a forgery and that this forgery, standing alone, establishes that the painting was stolen from the artist's estate;[3] (2) plaintiffs could have viewed the painting when it was

---

[3] On plaintiffs' theory of the case, the forgery and theft negate defendants' claim of ownership, which rests on a provenance relating back to a legitimate purchase of a (presumptively signed) painting in 1898, at an estate sale two years after the artist's death. Plaintiffs' rival ownership claims are based on descent.

publicly exhibited as early as the 1980s and, in any event, saw a catalog of defendants' art collection containing the work in July 1992; (3) such opportunity to view the painting (and/or a catalog reproduction) and observe the alleged tell-tale forgery put plaintiffs on inquiry notice that the provenance of the painting was open to question and, consequently, that defendants' claim of ownership was subject to attack; and (4) therefore, the deadline for commencing this replevin action expired at least five months before plaintiffs filed their complaint in December 1994.

Plaintiffs acknowledge that, under their own theory of the case, the forged signature on the face of the painting revealed it was stolen, but they seek to avoid the significance of this fact for discovery/inquiry notice purposes by arguing that the forgery did not reveal a posited second theft which they insist is evidenced by the absence of an estate sale stamp on the back of the painting. *See* Brief of Appellants at 24. They assert that they did not have a chance to confirm this additional fact until October 1994, and contend their action was timely filed two months later.

Plaintiffs' argument, which attempts to excuse their failure to inquire into the forgery-theft connection by positing a second theft *evidenced by a fact which a diligent inquiry prompted by the alleged forgery should have uncovered*, is not persuasive. "A plaintiff is chargeable with knowledge of facts which he ought to

have discovered in the exercise of reasonable diligence." *Daugherty*, 689 P.2d at 951. Further, the missing estate sale stamp was, for discovery purposes, merely cumulative; based on the forged signature alone, plaintiffs were, by July 1992, on inquiry notice that defendants' ownership of the painting was open to question. The duty to investigate their competing legal interests and bring this action to enforce them commenced at that time. *See In re John Deere*, 816 P.2d at 1134 (replevin action accrues when plaintiff knows or should discover identity of person in possession of allegedly stolen property). Whether plaintiffs' vaguely sketched theory of a second theft may have *bolstered* their case is at best debatable, but is, nonetheless, not decisive. To trigger operation of the discovery rule, plaintiffs need not have had " *knowledge of the exact nature or source of the defects* [in defendants' title to the painting], *but only the knowledge that a problem existed*." *Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 625-26 (Okla. 1992). Certainly, a theft-revealing forgery on the face of the painting would indicate that a problem existed.

The conclusion of the Oklahoma Supreme Court in *Daugherty* is equally appropriate in this case:

> Under the facts of this case on motion for summary judgment it is undisputed that the means of knowledge existed, and as it appears from the record, the circumstances were such as to put a reasonable man upon inquiry. Then plaintiff[s] [are] chargeable with the knowledge such inquiry would have produced, and the discovery rule

-9-

does not, under this record, bar the running of the statute of limitations.

*Daugherty*, 689 P.2d at 951.

### Case Reassignment and Protective Order

Plaintiffs generally challenge the authority of the district judge to hear and decide this case, because it had been unilaterally reassigned from another judge of the district. The same objection was made and unqualifiedly rejected in another, related appeal prosecuted by plaintiff Thomas Hutchinson. *See Hutchinson v. Pfeil*, No. 98-5260, ___ F.3d ___, slip op. at 17-18 (10th Cir. Apr. 4, 2000). We adhere to the rationale and decision issued in that case.

Plaintiffs also challenge the district court's denial of their motion to unseal certain materials obtained through discovery in connection with this and related litigation. These materials were covered by a protective order which plaintiffs repeatedly asked the court to vacate so they could use the materials in lawsuits pending elsewhere. Two other orders denying such relief have already been affirmed by this court. *See id.* at 19 (following *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557, at **5-**7 (10th Cir Nov. 9, 1999) (unpublished)). As the district court recognized, "this motion [was] merely another attempt to lift the protective order made without providing the required information." Appellants'

-10-

App. II at 675.  Plaintiffs provide no adequate grounds for deviating from previous decisions denying relief.

### Appellate Motions and Conclusion

Defendants have submitted as supplemental authority the Seventh Circuit's recent decision in *Hutchinson v. Spanierman*, 190 F.3d 815 (7th Cir. 1999), holding plaintiff Thomas Hutchinson barred by laches from claiming an interest in certain Thomas Robinson works held by other descendants of the artist.  Plaintiffs have moved to strike this supplemental authority under Fed. R. App. P. 28(j) as irrelevant and argumentative, and have submitted their own counter-request that we take judicial notice of a petition for rehearing now pending in the case.  Because the proffered authority relates solely to laches, and our disposition of that issue here turns on case-specific procedural grounds, *Spanierman* is immaterial to our decision.  The motion to strike and request to take judicial notice are therefore denied as moot.

Plaintiffs have also submitted "Appellants' Notice of Sale of Subject Painting by Appellees and Request that the Court of Appeals Direct Appropriate Proceedings to Determine Buyers' Identity and Address."  Our disposition of the appeal, affirming summary judgment for defendants under the doctrine of laches and the statute of limitations, does not turn on the identity of the present owners

of the painting in question. Indeed, it renders plaintiffs' interest in that question moot. The request is denied.

Finally, plaintiffs have moved for leave to file a supplemental appendix containing materials submitted to the district court in support of their challenge to reassignment of the case. We grant the motion, having considered the materials contained in the supplemental appendix. We, however, are not persuaded that reassignment of the case was in any way improper.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge