**F I L E D**

UNITED STATES COURT OF APPEALS

**AUG 14 2001**

FOR THE TENTH CIRCUIT

CHRISTOPHER J. BOWER;
MARY LYNNE PERRY,

      Plaintiffs-Counter-
      Defendants-Appellants,

v.

STEIN ERIKSEN LODGE
OWNERS' ASSOCIATION, INC.,
a Utah nonprofit corporation,

      Defendant-Counter-
      Claimant-Appellee.

No. 99-4205
(D.C. No. 99-CV-155-C)
(D. Utah)

ORDER AND JUDGMENT *

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is an appeal from an order of the district court granting and denying cross motions for partial summary judgment. Because the judgment is not appealable as an interlocutory appeal under 28 U.S.C. § 1292(a)(1), we dismiss this appeal for lack of appellate jurisdiction.

Appellants Christopher J. Bower and Mary Lynne Perry (the Bowers) sued Stein Eriksen Lodge Owners' Association, Inc. (SELOA) setting forth seven causes of action, only three of which were at issue in the Bowers' motion for partial summary judgment. In Count I, the Bowers alleged that SELOA committed breach of contract by beginning to build Phase III of its condominium project; Count II requested a declaratory judgment that plan documents precluded SELOA from building a conference center; and Count IV requested an injunction prohibiting SELOA from building the conference center. At the time they filed their complaint, the Bowers also filed a lis pendens covering the entire condominium project.

In response to the Bowers' complaint, SELOA also filed suit and eventually moved for partial summary judgment on their claims of unlawful interference with economic relations, their request for a declaratory judgment that the Bowers have no rights to the property covered by the lis pendens other than their rights in their

own unit, and their request for an injunction prohibiting the Bowers from recording the lis pendens, or if recorded, compelling them to take all steps to remove it from the public records.

The two cases were consolidated, and the district court held a hearing on the cross motions for partial summary judgment at which SELOA's motion was granted and the Bowers' motion was denied. In a bench ruling, the court ruled, inter alia, that SELOA was authorized to build both the units in Phase III and the conference center, and that the management committee had properly secured the relevant financing. The bench ruling was reduced to an order which stated: "For the reasons set forth at the close of hearing, the plaintiffs' [Bowers'] motion for partial summary judgment is DENIED and the defendants' [SELOA's] motion for partial summary judgment is GRANTED." Appellant's App. Vol. II, tab 37. The Bowers' notice of appeal was quickly followed by SELOA's motion to this court to dismiss for lack of appellate jurisdiction or to stay appellate proceedings.

In their memorandum supporting the motion to dismiss, SELOA argues that the order appealed from was not a final order and that, therefore, this court did not have jurisdiction to hear the appeal. The Bowers respond that the order was immediately appealable under the exception to the finality requirement set forth in 28 U.S.C. § 1292(a)(1) which grants jurisdiction over appeals from interlocutory orders of the district courts "granting, continuing, modifying, refusing or

dissolving injunctions, or refusing to dissolve or modify injunctions." The Bowers reason that, because the district court granted SELOA's motion for partial summary judgment, which motion included a request for an injunction prohibiting the Bowers from recording the lis pendens, and denied their motion for partial summary judgment, which included a request to enjoin the construction of the conference center, the order appealed from both granted and refused an injunction.

SELOA, citing *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), and *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346 (10th Cir. 1989), responds that, because the order does not expressly grant and/or refuse an injunction, the Bowers must make additional showings before this court can assume jurisdiction. We agree.

In *Carson*, the Court considered a district court order declining to enter a proposed consent decree. The decree would have permanently enjoined the defendant employer from discriminating against its African-American employees. While noting that the order did not, by its terms, specifically refuse an injunction, the Court concluded that the order appealed from had the "practical effect" of refusing an injunction. *Carson*, 450 U.S. at 83. However, because § 1292(a)(1) is an exception to the final judgment rule and is construed narrowly, a litigant attempting to appeal an order which only has the "practical effect" of refusing or

granting an injunction must show more than a litigant appealing an express order relating to an injunction. In the prior case, appeal of right will only be available where the litigant can demonstrate that "an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal." *Id.* at 84 (quotations omitted). The Bowers do not attempt to make this showing but argue, instead, that the order appealed from, by extrapolation, expressly grants and refuses an injunction and is thus immediately appealable without more. We are not persuaded.

In *Hutchinson v. Pfeil*, 105 F.3d 566 (10th Cir. 1997), this court confronted a situation much the same as is presented in this appeal. In *Hutchinson*, the plaintiff had prayed for injunctive relief in his complaint but had not sought a preliminary injunction or any other kind of temporary relief. The district court eventually granted summary judgment to five of the six defendants, and the plaintiff appealed. This court first reasoned that, because not all of the defendants had joined in the summary judgment motion and because the district court had not certified its order under Rule 54(b), jurisdiction did not lie under 28 U.S.C. § 1291. *Id.* at 569.

The plaintiff next argued, much as the Bowers do here, that because he had sought injunctive relief in his complaint and because the district court had granted summary judgment to defendants on that complaint, jurisdiction would lie under

28 U.S.C. § 1292(a)(1) as an interlocutory order refusing to enter an injunction. This court concluded that the order did not expressly deny the injunction but only had "the practical effect of denying such relief," *id.* at 569-70, and, as such, the plaintiff would have to make the showing required under *Carson*. Because the plaintiff could not make that showing, the appeal was dismissed for lack of jurisdiction. *Id.* at 571.

The same result obtains here. The district court's order does not expressly grant and deny the requests for injunctive relief. As such, the order has only the practical effect of ruling on the injunctions, making it imperative that plaintiffs demonstrate the harm required by *Carson*. Because plaintiffs do not attempt to make that demonstration, we are without jurisdiction to proceed further with this appeal.

Consequently, we DISMISS this appeal for lack of jurisdiction.

Entered for the Court

Stephanie K. Seymour
Circuit Judge